[No. 2,940.]

## ALBERT SHEPARD *v.* D. D. COLTON.

Proof in Action for Street Assessment.—In an action for the recovery of an assessment for the improvement of a street in San Francisco, it is necessary for the plaintiff to prove, if the same is denied, that notice of the award of the contract to the plaintiff for the improvement was published for five days, pursuant to an order of the Board of Supervisors.

Advertising for Proposals to do Street Work.—A resolution of the Board of Supervisors of San Francisco, authorizing their Clerk to advertise for proposals to do certain work mentioned in the resolution, on a street therein named, is sufficient authority to said Clerk to advertise five days for proposals, in the mode provided by law, as well as to post notices in the office of the Superintendent of Streets.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

Action to recover for an assessment for work done on Spear street, in San Francisco, under a contract made with plaintiff by the Superintendent of Streets.

The following was the resolution passed by the Board of Supervisors, authorizing the Clerk to advertise for proposals:

"*Resolved*, That the following street work be done, in accordance with the specifications to be furnished by the Superintendent of Public Streets and Highways, and under his supervision, viz: that Spear street, from Folsom street to Harrison street, be planked and sidewalked, and that the Clerk is hereby authorized to advertise for proposals to do the above work."

The plaintiff recovered judgment, and the defendant appealed.

The other facts are stated in the opinion.

*Jarboe & Harrison*, for Appellant.

The resolution does not comply with the requirements of the statute, as by it the Clerk is simply directed to advertise for proposals. He is not authorized to post the notice, nor is he authorized to advertise for proposals for any length of time whatever. Section six of the Act under which the work was done, requires the advertisement for proposals to be posted in the office of the Superintendent of Public Streets and Highways, and to be published for five days.

*R. P. & Jabish Clement*, for Respondent.

By the Court, RHODES, J.:

It is alleged in the complaint that "notice of the award of the contract for such work to the plaintiff was published in the said newspaper for five days, pursuant to the order of the said Board thereby made and passed." The answer avers that the Board "never caused any notice of the award of the contract for doing the work described in the complaint to be published in any paper whatever." It was proven that the Board never passed any resolution directing a notice of the resolution of award to be published in any manner. The evidence failed to sustain that averment of the complaint, and for that reason a new trial must be ordered.

The resolution of the Board authorizing the Clerk to "advertise" for proposals to do the work mentioned in the resolution was sufficient authority to the Clerk to advertise for proposals in the mode provided by law. It authorizes him to post the notice in the office of the Superintendent of Streets, as well as to publish it in the proper newspaper for the required period.

Judgment and order reversed, and cause remanded for a new trial.