[No. 3,238.]

# DONNELLY *v.* TILLMAN.

PUBLISHING NOTICE OF STREET CONTRACT. — The Board of Supervisors of San Francisco must make an order that the notice of the award of a contract for improving a street be published. A publication of the notice without such order is void.

POWER OF BOARD OF SUPERVISORS CONCERNING STREETS. — The Board of Supervisors of San Francisco possesses all the authority in respect to the improvement of streets, which is not conferred expressly, or by necessary implication, upon some of the officers mentioned in the statute.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The action was brought to recover upon a street assessment; judgment was rendered for the plaintiff, and the defendant appealed therefrom and from an order denying a new trial.

The other facts are stated in the opinion.

*Jarboe & Harrison,* for Appellant.

*M. A. Edmonds,* for Respondent.

By the Court, RHODES, J. :

It is alleged in the complaint that the Board of Supervisors having awarded the contract for the work to the lowest bidder, "Notice of said award was thereupon published in said official paper, daily for five days," etc. The answer alleges, that the Board of Supervisors "never caused or directed to be published any notice of the award by them of the contract for doing the work described in the complaint." On the trial it was admitted that the Board of Supervisors never passed any resolution directing that a notice of the award should be published. The sixth section of the act of 1862 provides that "Notice of such awards shall be published for five days." In *Shepard* v. *Colton,* 44 Cal. 628, the complaint alleged that notice of the award was published pursuant to the order of the Board,

and the answer took issue upon that allegation. It appeared from the proceedings in the court below, as well as the argument here, that the parties regarded that issue as material; and we accordingly so considered it; and it appearing that the evidence was insufficient to sustain the averment of the complaint in that respect, the cause was remanded for a new trial; and we refused to grant a rehearing in order that the parties might discuss the materiality of that issue. In the case at bar, the question is whether the publication of the notice of the award is valid in the absence of an order of the Board of Supervisors directing the publication to be made.

It is not doubted by the plaintiff—and there is no room for doubt—that the publication of the notice of award must be made in pursuance of an order issued by the proper Board or officer—that is to say, the Board or officer thereunto authorized by the statute—and that if not so made, the publication is utterly void as a notice. The plaintiff claims that this duty is incumbent on the Superintendent of Streets, and the defendant claims that it devolves on the Board of Supervisors. The power to improve the streets is granted to the Board, and authority is given to it to institute and conduct the proceedings in the cases where the law requires a contract for the doing of the work. The Board makes all orders up to and including the award of the contract to the successful bidder, and in most respects it has control or supervision of all subsequent proceedings. The statute declares, that at a certain stage in the proceedings, the Board shall be deemed to have acquired jurisdiction to order the proposed work to be done. These provisions lead to the conclusion that it is the intention of the statute that the Board should have all the authority in respect to the improvement of streets, which is granted by the statute, but which is not conferred expressly or by necessary implication upon some of the officers mentioned in the statute, and not as contended by the plaintiff, that the statute grants such residuary authority to the Superintendent of Streets. The clause of the seventh section cited by the plaintiff— that the Superintendent is authorized "to enter into all

written contracts, and receipt all bonds authorized by this Act, and to do any other acts, either expressed or implied, that pertain to the street department under this Act"— must be construed so as to harmonize, if possible, with the other portions of the statute. The "acts either expressed or implied," cannot be interpreted as including those acts which are expressly enjoined upon the Board or the Clerk, or the Surveyor, but only those which relate to the business in the street department; and there is nothing in the statute which clearly indicates that the publication of the notice of award is a part of the business of that department. When the proceeding is such that a contract for the performance of the proposed work is required by the statute, the first act which the statute expressly requires the Superintendent to perform is the execution of the contract; and in view of the relation which the Board bears to the proposed work, it is incumbent on the party asserting that it is the duty of the Superintendent and not of the Board to order the publication of the notice of the award of a contract, to show that the statute expressly, or by necessary implication, so directs. The statute gives no express direction in this respect, and in our opinion, that duty devolves upon the Board of Supervisors.

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Chief Justice WALLACE nor Mr. Justice BELCHER, expressed an opinion.