[No. 3,238.]

. 47  187
122  545
47  187
134  251

EDWARD DONNELLY *v.* ALBERT C. MARKS, ELIZABETH MARKS AND AUGUST MARKS.

PUBLICATION OF NOTICE OF STREET CONTRACT.—The publication of notice of an award of a street contract in San Francisco, must be made in pursuance of an order of the Board of Supervisors. Without such order, a publication of such notice is void.

AUTHORITY OF BOARD OF SUPERVISORS OF SAN FRANCISCO.—The Board of Supervisors of San Francisco, have all the authority given by statute, in respect to the improvement of streets, which is not conferred expressly or by necessary implication upon some of the officers mentioned in the law.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Action to recover upon a street assessment in San Francisco. The plaintiff recovered judgment in the Court below, and the defendants appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*Jarboe & Harrison,* for the Appellants.

The Superintendent of Streets never had any authority to enter into a contract with the plaintiff to do the work described in the complaint.

Section 6, of the act before referred to, declares that after the Board of Supervisors have awarded a contract for doing any work in improving streets, "notice of such award shall be published for five days. The owners of the major part of the frontage of lots and lands liable to be assessed for said work, within five days after the first publication of notice of such award, may elect to take such work, and enter into a

written contract to do the whole work, at the price at which the same may have been awarded. Should said owners fail to commence the work within ten days after the first publication of the notice of said award, and prosecute the same with due diligence to completion, it shall be the duty of the Superintendent of Public Streets and Highways to enter into a contract with the original bidder to whom the contract was awarded, and at the price at which the same may have been awarded to him."

Under these provisions of the statute, we maintain that before the Superintendent was authorized to enter into a contract with the plaintiff, there must have been—

1st.   A " notice " of the award by publication thereof.

2d.   This notice and the publication must have been by order of the Board of Supervisors.

3d.   A failure of the property owners to elect to enter into a contract.

Two of these requisites are wanting in the present case, viz: the first and second:

"The Board of Supervisors never passed any resolution directing a notice of the resolution of award to be published in any manner."

It is a "notice" that is to be published, and this "notice" is for the purpose of informing, in an official manner, the property owners that their rights are to be affected.   It is in the nature of a summons, and although it is not the step by which the Supervisors gain jurisdiction to order the work done, it is the step by which the Superintendent gets his authority to enter into the contract, and without which the contract has no validity.

It is not enough that the "resolution of award was published for five days."   That does not constitute a " notice."   If it did, the newspaper reports of the proceedings of the Supervisors would be a sufficient compliance with the statute; and we hardly think any one will contend that the information thus conveyed would be a sufficient "notice."

A "notice" is a formal, official declaration of a fact intended to bind a person or his property by its contents, emanating from, and authenticated by, some authority that

has power to give the notice, given by or under the direction of that authority. Mere information of the fact received by the party, or an informal unauthenticated declaration, is not a "notice" of the fact.

If the "notice" to be given be under a statute providing for creating a charge upon a man's property against his will and consent, it must be "given" in the manner and by the person authorized by the statute therefor. (*Commissioners of Pilots* v. *Vanderbilt*, 31 N. Y., 265; *Rathbun* v. *Acker*, 18 Barb. 393; *Lane* v. *Cary*, 19 Barb. 537; *Fry* v. *Bennett*, 7 Abb. 355; *Jenkins* v. *Wild*, 14 Wend. 545.)

*M. A. Edmonds*, for Respondent.

The statute does not·require any action of the Board in these proceedings, after the award of the contract, until an appeal is taken from the assessment. The jurisdiction of the Superintendent commences on the passage of the resolution of award, and is exclusive from that stage of the proceedings until the making of the assessment. He is the executive officer of the Street Department, and his duty requires, and the statute fully empowers him to carry out, and execute all the orders and resolutions of the Board, and all regulations and provisions of the statute, the execution of which is not by the statute entrusted to the Board or its Clerk. (Statutes 1862, pp. 401, 402; Secs. 22, 23; id., Secs. 19, 20; and id., pp. 393, 394; Secs. 6 and 7.)

His duty requires him to see to the publication of notice of the award, for by that he must be guided in entering into a contract, either with the property owners or the original bidder. The first clause of section seven gives him the authority. It authorizes him "in his official capacity, to enter into all written contracts, and receipt all bonds authorized by this Act, and to do any other acts, either expressed or implied, that pertain to the Street Department under this Act." The plain and reasonable interpretation of this provision is, that it confers on the Superintendent, as the executive officer of the department, all the residuary authority relative to streets, not expressly conferred on the Board.

If this were not so, it would not follow that any resolution of the Board is required beyond the resolution of award itself. For even upon the hypothesis that the notice of award as well as the award, must be the act of the Board, that body can only act through an agent; and in appointing an agent for such purpose it is not limited to act by resolution alone, but a simple vote is sufficient without the formality of a resolution. (Ang. & Ames on Corp., Sec. 284.)

. By the Court, Rhodes, J.:

It is alleged in the complaint that the Board of Supervisors having awarded the contract for the work to the lowest bidder, "Notice of said award was thereupon published in said official paper, daily for five days," etc. The answer alleges that the Board of Supervisors "never caused or directed to be published any notice of the award by them of the contract for doing the work described in the complaint." On the trial it was admitted that the Board of Supervisors never passed any resolution directing that a notice of the award should be published.

The sixth section of the Act of 1862, provides that "notice of such awards shall be published for five days." In *Shepard* v. *Colton*, 44 Cal. 628, the complaint alleged that notice of the award was published pursuant to the order of the Board, and the answer took issue upon that allegation. It appeared from the proceedings in the Court below, as well as the argument here, that the parties regarded that issue as material; and we accordingly so considered it; and it appearing that the evidence was insufficient to sustain the averment of the complaint in that respect, the cause was remanded for a new trial; and we refused to grant a rehearing, in order that the parties might discuss the materialty of that issue. In the case at bar, the question is whether the publication of the notice of the award is valid in the absence of an order of the Board of Supervisors directing the publication to be made.

It is not doubted by the plaintiff—and there is no room

for doubt—that the publication of the notice of award must be made in pursuance of an order issued by the proper Board or officer; that is to say, the Board or officer thereunto authorized by the statute; and that if not so made, the publication is utterly void as a notice. The plaintiff claims that this duty is incumbent on the Superintendent of Streets, and the defendant claims that it devolves on the Board of Supervisors. The power to improve the streets is granted to the Board, and authority is given to it to institute and conduct the proceedings in the cases where the law requires a contract for the doing of the work. The Board makes all orders up to and including the award of the contract to the successful bidder, and in most respects it has control or supervision of all subsequent proceedings.

The statute declares that at a certain stage in the proceedings the Board shall be deemed to have acquired jurisdiction to order the proposed work to be done. These provisions lead to the conclusion that it is the intention of the statute that the Board should have all the authority in respect to the improvement of streets, which is granted by the statute, but which is not conferred expressly or by necessary implication upon some of the officers mentioned in the statute, and not, as contended by the plaintiff, that the statute grants such residuary authority to the Superintendent of Streets. The clause of the seventh section cited by the plaintiff—that the Superintendent is authorized "to enter into all written contracts, and receipt all bonds authorized by this act, and to do any other acts, either expressed or implied, that pertain to the street department under this act"—must be construed so as to harmonize, if possible, with the other portions of the statute. The "acts either expressed or implied," cannot be interpreted as including those acts which are expressly enjoined upon the Board or the Clerk or the Surveyor, but only those which relate to the business in the street department, and there is nothing in the statute which clearly indicates that the publication of the notice of award is a part of the business of that department. When the proceeding is such that a contract for the performance of the proposed work is required by the statute, the first act

which the statute expressly requires the Superintendent to perform is the execution of the contract; and in view of the relation which the Board bears to the proposed work, it is incumbent on the party asserting that it is the duty of the Superintendent and not of the Board to order the publication of the notice of the award of a contract, to show that the statute expressly, or by necessary implication, so directs. The statute gives no express direction in this respect, and in our opinion that duty devolves upon the Board of Supervisors.

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Chief Justice WALLACE, nor Mr. Justice BELCHER, expressed an opinion.