CITY AND COUNTY OF SAN FRANCISCO, Respondent,
v. T. I. A. CHAMBERS, Appellant.

No. 3415; August 3, 1874.

**Street Improvements—Publication of Notice.**—The statute controlling the award of contracts for the improvement of streets does not provide who shall cause the notice of the award to be published.

**Street Improvements—Publication of Notice.**—The statute controlling the award of contracts for the improvement of streets requires that "notice of such award shall be published for three days," etc. Publication for two days only does not satisfy the statute.

APPEAL from Nineteenth Judicial District, San Francisco County.

W. C. Burnett for respondent; Parker & Roche for appellant.

CROCKETT, J.—The action is to collect a street assessment, and the defenses set up in the answer are, first, that the publication in the "Chronicle" of the resolution of the intention of the board to cause the work to be done was insufficient; second, that the notice of the award of the contract was published for only two days, instead of three, as required by the statute. A demurrer to the answer having been sustained and a final judgment entered for the plaintiffs, the defendant appeals.

The publication in the "Chronicle" was sufficient: Richardson v. Tobin, 45 Cal. 30. But the statute does not provide who shall cause the notice of the award of the contract to be published. It only requires that "notice of such award shall be published for three days (Sundays and nonjudicial days excepted)," but does not indicate whether this duty is to devolve on the board of supervisors or the superintendent of streets.

In Donnelly v. Tillman [47 Cal. 40] and Donnelly v. Marks [47 Cal. 187], decided at the October term, 1873, we held it to be incumbent on the board of supervisors to publish the notice of the award, and in Hewes v. Reis, 40 Cal. 264, we decided that for omissions by the board to pursue the statute,

the remedy was not by remonstrance or petition to the board itself. We further held that an omission to publish in the manner required by law and for the requisite period a notice inviting sealed proposals for the work was fatal to the assessment. In this case the omission, as averred by the answer, was to publish the notice of the award for the requisite period. On the reasoning in Hewes v. Reis, we think this omission invalidated the assessment.

Judgment reversed and cause remanded, with an order to the court below to overrule the demurrer to the answer. Remittitur forthwith.

We concur: Rhodes, J.; McKinstry, J.; Niles, J.

The following was filed September 9, 1874:

By the COURT.—It is ordered that the judgment entered in this case at the present term be vacated and set aside; and it appearing to the satisfaction of the court that the appeal was not taken in good faith, and that the appellant desires to have the judgment of the court below affirmed, we decline to express any opinion on the questions of law involved in the appeal, and the judgment is affirmed.

Remittitur forthwith.