[No. 4597.]

JULIUS G. REIS v. WM. GRAFF ET AL.

CONTRACT FOR STREET IMPROVEMENT IN SAN FRANCISCO.—If, in a proceeding to improve a street in San Francisco, the Board of Supervisors do not make an order for the publication of the notice of the award of the contract, all the proceedings subsequent to the award, including the assessment, are void.

ACT VALIDATING VOID ASSESSMENT.—An act attempting to validate a void assessment on a lot in a city for a street improvement, if it has that effect, does not, by relation, make the assessment valid as of the date when it was levied, but only validates it at the date of the passage of the act.

ACTION TO ENFORCE LIEN.—An action cannot be maintained to enforce a lien for a street improvement, which lien did not exist at the time the action was commenced.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

Action commenced on the 13th day of April, 1872, to enforce the lien of an assessment on a lot for improving Townsend street, in San Francisco. The lot fronted two hundred and seventy-five feet on Townsend street, between Second and Third streets. Proceedings for improving the street were instituted October 10, 1868, by the passage, by the Board of Supervisors, of a resolution of intention. On the 7th day of December, 1868, the Board of Supervisors awarded the contract, but did not pass an order directing notice of the award to be published, although such notice was published. The contract was awarded, and an assessment of $8192.80 was levied on the lot in controversy, on the 7th of March, 1871. The cause was submitted for decision on the 24th of February, 1873, and the court filed its findings and conclusions of law, giving judgment for the plaintiff, on the 8th day of January, 1875. The defendants appealed from an order denying a new trial. The act of March 25, 1874, referred to in the opinion, in terms vali-

dates, ratifies and confirms all orders and resolutions of the Board of Supervisors, in relation to improving Townsend street, and the resolution of award, and all contracts made under said orders and resolutions, and all proceedings of said board and of the superintendent of public streets.

*Delos Lake,* for the Appellants.

The refusal to grant the new trial cannot be sustained on the ground of the act of March 25, 1874.

We understand it to be conceded that the case must necessarily have been decided in favor of the defendants, had it not been for this act of March 25, 1874 (see Stats. 1873–4, pp. 589–90), for the reason that the Board of Supervisors made no order for giving notice of the award. (*Donnelly* v. *Tillman,* 47 Cal. 40; *Donnelly* v. *Marks,* Id. 187.)

Independently of the act of the Legislature referred to, the proceedings are so flagrantly inconsistent with the assessment law, that they are on their face clearly invalid and null.

1. Does the act of 1874 help them out? The Court will recollect that the cause was tried and submitted for decision February 24, 1873, about *thirteen months before* the passage of the act of March 25, 1874. Must not a case be decided upon the law and evidence on which it was tried? May a judge regard a *new act* of the Legislature, *passed after the trial,* more than he may listen to *fresh evidence* submitted to him by one of the parties after the trial? Can the mere postponement of the decision thus have the effect of changing its character, and render proper a judgment for the plaintiff, which at an earlier date must have been for the defendant? (*People* v. *Mariposa Co.,* 31 Cal. 196; *Johnson* v. *Burrill,* 2 Hill, 238.)

We apprehend that the act of March 25, 1874, if sought to be applied to cases of assessments made before its passage, would be obnoxious to the charge of unconstitutionality on the ground that it has the effect of taking a man's property by legislative enactment, and without due process of law. (*In the Petition of George Douglass,* 46 N. Y. 42; *People* v.

*Village of Yonkers*, 39 Barb. 266, 271; *Sharp* v. *Speir*, 4
Hill, 76; *Sharp* v. *Johnson*, Id. 92.)

The assessment and all the proceedings having been void,
for the reason of there having been no binding award, the
proceedings were not susceptible of ratification or confirma-
tion so as to give them life and validity from the date when
they were had and taken. (*People* v. *Holladay et al.*, 25 Cal.
310; *The Society*, etc. v. *Wheeler*, 2 Gallison, 139; *People* v.
*Goldtree*, 44 Cal. 323; *Lennon* v. *Mayor*, etc., 55 N. Y. 361.)

*Wm. Barber*, also for Appellants.

The validating act, if held to be retroactive, is also void
in this, that while the general "law of the land" requires
that every plaintiff, in order to obtain judgment, shall have
a good cause of action when he commences suit, this act
dispenses with that requirement in favor of a particular in-
dividual.    It was against this legislative discrimination in
respect to individuals standing in precisely the same legal
category, that the constitutional prohibition was directed.

An examination of some of the numerous cases in point will
show that such legislation is not tolerated, even in States
where no express constitutional provision exists against
special legislation. (*Sanborn* v. *Commissioners*, 9 Minn. 273;
*Regents* v. *Williams*, 9 Gill. and Johns. 366; *Baggs's Appeal*,
43 Penn. 512; *Picquet's Case*, 5 Pick. 65.)

Where a plaintiff commences a suit without a cause of
action, the defendant has a vested right to set up in that
suit the absence of a cause of action as a defense; and of
that right no legislation can deprive him. (*Wright* v. *Cradle-
baugh*, 3 Nev. 349; *Wount* v. *Winnick*, 3 N. H. 481; *Davis*
v. *Minor*, 1 How. Miss. 189, 191; *Houston* v. *Bogle*, 10 Ire-
dell, 496; *Martindale* v. *Moore*, 3 Blackf. 282; *Dolninger* v.
*McConnell*, 41 Ill. 228, 233; *White* v. *Hart*, 13 Wall. 646.)

*E. A. Lawrence and Edward J. Pringle*, for the Re-
spondent.

The Legislature had power to confirm the assessment.
Appellants' counsel takes issue rather upon the time at
which confirmation may be effected than upon the power to

confirm. The point made by the counsel against the power to confirm, is that the Legislature cannot confirm a void act. But according to the strictest construction of the cases cited, the validity of this assessment was not incurable. The board had jurisdiction in the subject-matter; it had acquired jurisdiction of this proceeding by the proper publication of notices. The superintendent was the proper officer, and did his work in proper form. The only defect of the proceeding was not in any essential or substantial thing, but in the merest matter of unsubstantial form—the omission to direct the clerk to publish the award, which he did in fact publish, and in proper form. It would be difficult to imagine a case less liable to the constitutional difficulties suggested in *People* v. *Holladay* and *People* v. *Goldtree*. It would be hard to find a better illustration of the *de minimis*.

Under such circumstances this curative act is valid, if tested by any of the four following rules which courts have at different times applied to the consideration of these confirmatory or curative laws:

First. Where the defect is of mere form and not of substance, the Legislature may ratify.

Second. If the court, board or public officer has jurisdiction or power to do the act, but fails only in the manner of doing it, the defect is matter of form, and may be cured.

Third. "If the irregularity consists in doing some act, or in the mode or manner of doing some act which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." (See Cooley's Constitutional Limitations, *371, and cases cited.)

Fourth. If there is valuable consideration, or any moral or equitable reason for the act, the Legislature may dispense with a previously required legal form.

Acts absolutely void have been confirmed in innumerable instances: Sale by a sheriff outside of his bailiwick, 1 Pa. St. 222; sale by a sheriff under a void judgment, 10 S. and M. 97; other sales by sheriffs without authority of law, 6 Conn. 54 and 197; 7 Conn. 319 and 350; 4 Ill. 331; 19 Wis.

17; sale by an executrix outside of the State from which she derived her power, 2 Pet. 627; sales by married women, 30 Cal. 138; marriages celebrated before officers not authorized by law, 4 Conn. 224; contracts void for usury, 28 Conn. 97.

By the Court, RHODES, J.:

The Board of Supervisors not having made an order for the publication of the notice of the award of the contract, all the proceedings, including the assessment, subsequent to the award, were void. (*Donnelly* v. *Tillman,* 47 Cal 40; *Donnelly* v. *Marks,* Id. 187.) The plaintiff relies upon the act of March 25, 1874 (Stats. 1873–4, p. 589), as not only validating the assessment, but as having a retrospective operation, which necessarily affects this action. The action had been finally submitted for decision before the passage of the act.

Assuming that the Legislature may itself make the assessment, or what amounts to the same thing, validate a void assessment, does the act have the effect to make the assessment valid, by relation, as of the date of the invalid assessment? or does it become valid only at the date when the act took effect? The act does not furnish a new rule of evidence, nor does it merely cure irregularities or formal defects in the proceedings or the assessment; but if valid it creates a lien upon property which before the passage of the act was not chargeable with the lien, and gives the contractor and his assigns a cause of action for its enforcement. The assessment, in our opinion, if it became a lien by virtue of the act in question, became such at the date of the passage of the act, and did not take effect, by relation, as of a prior date. There being at the commencement of the action no lien in fact upon the property, and the lien created by the act not taking effect as of a prior date, the action cannot be maintained.

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Chief Justice WALLACE nor Mr. Justice NILES expressed an opinion