[S. F. No. 1245. Department One.—April 13, 1900.]

## CALIFORNIA IMPROVEMENT COMPANY, Appellant, v. THOMAS MORAN, Respondent.

STREET IMPROVEMENT—RESOLUTION OF AWARD OF CONTRACT—DESIGNA-
TION OF NEWSPAPER— SUBSEQUENT ALTERATION — PRESUMPTION.—
Where it appears that when the resolution of award of a con-
tract for a street improvement was prepared, adopted by the
council, and entered in the resolution-book, it contained the
designation of a newspaper placed therein with a rubber stamp,
in which the award was ordered to be published, it must be
presumed that the clerk performed his official duty and cor-
rectly read to the council the name of the newspaper so desig-
nated, and not the name of another newspaper subsequently
inserted therein, after erasure of the one first designated.

ID.—POWER OF COUNCIL — DESIGNATION OF UNOFFICIAL NEWSPAPER —
JURISDICTION—PUBLICATION IN OFFICIAL PAPER.—The council has
power to designate a paper other than the official newspaper,
and to order a resolution awarding a contract for street work
to be published therein; and when they have done so, the pub-
lication must be made in the paper so designated, in order to
give the council jurisdiction to make the improvement, and
publication in fact made in the official paper is immaterial, and·
cannot constitute a compliance with the order.

ID.—APPEAL TO COUNCIL—QUESTION OF PUBLICATION—CONFIRMATION OF
ASSESSMENT—APPELLANT NOT ESTOPPED AS TO JURISDICTION.— The
fact that upon appeal to the council from a street assessment
it was urged, as one of the grounds of appeal, that the resolu-
tion of award was not published as required by law, and that
the council confirmed the assessment, does not estop the ap-
pellant from afterward asserting a want of jurisdiction for
nonpublication of the resolution of award as ordered by the
council.

ID.—RATIFICATION OF SUBSEQUENT ALTERATION BY SUCCEEDING COUNCIL—
VOID ASSESSMENT NOT CURED.—Where the deputy clerk after
the publication of the resolution of award in the official news-
paper, erased the designation contained therein, and inter-
lined the name of the official newspaper, the change not
being in accordance with the truth, a succeeding council can-

not ratify the alteration and interlineation, so as injuriously to affect intervening rights, and cannot thereby validate or cure the assessment of the preceding council, which was void for want of jurisdiction to make or confirm it.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. John Ellsworth, Judge.

The facts are stated in the opinion.

B. McFadden, for Appellant.

Johnson & Shaw, for Respondent.

CHIPMAN, C.—Action to foreclose a street assessment lien. Defendant had judgment, from which and from an order denying its motion for a new trial plaintiff appeals.

The principal question involved relates to the publication of the notice awarding the contract for street work. The court found as facts that the city council of the city of Oakland directed its clerk to publish the notice of the award in the "Oakland Tribune," and did not direct the notice to be published in the "Oakland Morning Times"; that the notice was published in the "Times" and was not published in the "Tribune." Appellant claims that the evidence does not justify the finding that the council did not designate the "Times." Some other findings are challenged, but as they depend upon the finding in relation to the publication of the notice they need not be separately considered.

The resolution of award of contract, No. 18,803, was passed July 17, 1893. The book of resolutions was introduced in evidence, from which it appeared that "in the portion thereof designating the newspaper in which publication of notice of the award should be made, the words and name 'Oakland Tribune' had been originally written, and that a line had been drawn through the word 'Tribune' and the words 'Morning Times' written above." Defendant called as a witness one Holland, who had charge and custody of the records and proceedings of the council at the time the resolution was passed, and still occupies the same position. He was shown resolution No. 18,803, and without objection testified as follows: "This document now

shown to me is not in the same condition as to its contents as it was when it passed the city council. The words 'Morning Times' have been interlined in the place of the word 'Tribune.' I prepared this resolution. The words 'Morning Times' were not on that resolution at the time it was passed. The word 'Tribune' was there at that time, and has since been erased." He then explained when and why the change was made: "I made the change a few days before the filing of the appeal to the city council by the property owners. Said appeal was filed on the sixteenth day of February, 1894. I made the change two or three days before that time. I took a pen and scratched the word 'Tribune,' put a couple of lines through it and put 'Morning Times' on top of it. After a few days, thinking I had done wrong, I erased with a knife the words 'Morning Times' which I had inserted in the resolution, and left the word 'Tribune' as it was with the lines drawn through it. The resolution remained in this last condition until June 18, 1895, when I again inserted the words 'Morning Times,' in which condition it has ever since remained." He then explained that it was the duty of the clerk to keep a book in which all resolutions are entered in full, and that the minutes of the council do not record the resolutions in full, but merely a minute is made of them. That the book of resolutions contained the resolution of award, and that "the record of said resolution is not now in the same condition that it was in when first made. The word 'Tribune' was in the record when it was originally made; 'Tribune' was in rubber stamp. The words 'Morning Times' were not there when the resolution was first recorded. I changed the record at the same time I first changed the original resolution. Since that time it has remained in its present condition." He further testified: "I do not recollect how the resolution was read at the time it was adopted, because I did not do the reading. I know nothing about how the resolution was read then, or whether it, as read, specified the 'Oakland Tribune' or the 'Morning Times.' Mr. Tompkins is the city clerk. He does all the reading at the meetings of the council. All the documents and papers heretofore offered in evidence by defendant are in my custody, as deputy city clerk of the city of Oakland, and are records in the office of said city clerk."

.   Plaintiff thereupon introduced in rebuttal sundry proceedings of the council, occurring subsequently to the award, the most important of which are the proceedings on appeal to the council taken at the instance of defendant and other property owners objecting to the assessment. The objections went to the question of jurisdiction, in part, and specially mentioned the failure to publish the notice of award as originally ordered by the council. At the hearing of the appeal the objections were overruled and the assessment was confirmed. This hearing was on May 31, 1894. In March, 1895, an entirely new council was elected, and on June 17, 1895, it passed the following resolution: "That the action of the city clerk in correcting the said original resolution of award and the copy thereof in the said book of resolutions, by substituting the name of the 'Oakland Morning Times' for the 'Oakland Tribune,' as the paper in which publication of said resolution of award was ordered to be made, is hereby approved, ratified, and adopted, and it is declared that said resolution as so altered expresses the actual resolution of award No. 18,803 as passed by the city council on the seventeenth day of July, 1893."

Plaintiff offered in evidence ordinance No. 1,524, adopted May 8, 1893, which authorized and directed the board of public works "to advertise for proposals to do all public printing which now or hereafter may come under the direction or order of the city council," and provided that the daily newspaper, to which the contract should be awarded, "shall be the newspaper designated by this council without further order as to the official newspaper of the city council of the city of Oakland, and the official medium for advertising and publishing all notices for street work," etc. Plaintiff also offered in evidence resolution No. 18,406 "that the 'Oakland Morning Times' be and is hereby designated as the official paper in which street notices, etc., are to be printed at rates specified in communication," adopted April 24, 1893. Defendant objected to the ordinance and resolution on the grounds that they were irrelevant and immaterial, and not within the issues; that it appeared in this case that the resolution of award ordered the publication to be made in a certain paper; that rights of third parties had intervened. The court sustained the objections, and plaintiff ex-

cepted and now urges the ruling as prejudicial error.   The foregoing presents substantially the facts upon which the case is before us and the errors of law relied upon by appellant.

1. Appellant contends that the evidence of Holland shows that he did not know how the resolution of award was read to the council when it was adopted by them, from which it may reasonably be inferred that it was read to them as ordering the publication in the "Times" and not in the "Tribune," and that the subsequent erasures and the action of the succeeding council were consistent with the truth as to what was really intended to be ordered by the council.   Holland's testimony admits of but one interpretation, and that is that when he prepared the resolution and recorded it in the resolution book the newspaper designated therein was the "Tribune."   That the clerk did not so read it to the council cannot for a moment be presumed, for that would be to impute a gross violation of duty on his part.   The word "Tribune" was placed in the resolution with a "rubber stamp," and we must presume that the clerk read it as Holland, his deputy, prepared it, and as Holland testified it was when passed by the council, and as it was entered in the resolution-book.   The evidence was sufficient to support the finding.   It need hardly be observed that the clerk had no power to correct the record so as to make it speak other than the truth.

2. The court having found, upon sufficient evidence, that the council designated the "Tribune" in which the notice was to be published, it was immaterial that the publication was, in fact, made in the "Times" although previously designated as the official city newspaper.   This previous action of the council may have given the "Times" some right to the advertisement, and it may have been the duty of the council to obey its own ordinance and to have ordered the resolution to be published in that newspaper.   And it may be that if the council had simply ordered the resolution to be published, leaving the clerk to cause it to be done in the designated official newspaper, and he had done so on such order, it would have sufficiently met the requirements of the statute.   Upon these questions we express no opinion.   The council had the power to designate the "Tribune" and order the resolution to be published therein (Act of March

14, 1889, sec. 5; Stats. 1889, p. 161); and having designated the
"Tribune," it would not be a compliance with the order to make
the publication in the official or some newspaper other than the
one designated.   The publication of the notice was necessary to
give the council jurisdiction.   (*Donnelly v. Tillman,* 47 Cal. 40;
*Reis v. Graff,* 51 Cal. 86; *Grimm v. O'Connell,* 54 Cal. 522;
*Shipman v. Forbes,* 97 Cal. 572; *Perine v. Forbush,* 97 Cal. 305;
*California Imp. Co. v. Quinchard,* 119 Cal. 87.)

3. Appellant claims that when respondent appealed from the
assessment, and among the grounds of appeal alleged that the
resolution of award was not published as required by law, and
the council confirmed the assessment, it was an adjudication of
all the questions arising upon the appeal, and was final and
conclusive against respondent and cannot be questioned in this
proceeding.   (Citing Street Act, sec. 11; Stats. 1885, p. 149;
*Spaulding v. North etc. Homestead Assn.,* 87 Cal. 40.)   The pow-
ers of the council on these appeals are stated as follows: "All the
decisions . . . . of said city council . . . . shall be final and
conclusive . . . . as to all errors, informalities, and irregulari-
ties which said city council might have remedied and avoided,"
etc.   The council could "remedy and correct any error or in-
formality in the proceedings," correct and revise the acts of the
superintendent of streets, "confirm, amend, set aside, alter, mod-
ify, or correct the assessment," etc., but it could not dispense
with or alter, amend, modify, or correct any proceeding pre-
viously taken, on which its jurisdiction to act depended, so
as to confer a jurisdiction which it had failed to acquire by
such proceeding.   At this time the council remained unchanged,
and if we concede that it might have directed the clerk to cor-
rect the record so as to conform to the fact, as appellant
claims the fact was, no such determination was made; the
council confirmed the assessment but did not amend its record,
which the evidence now shows could not have been amended
in conformity with the truth so as to confer jurisdiction on
the council.   Appellant was not estopped from showing want
of jurisdiction because he made the question of jurisdiction
one of the grounds of his appeal.   (*Dougherty v. Coffin,* 69
Cal. 454; *Heft v. Payne,* 97 Cal. 108; *Manning v. Den,* 90
Cal. 610.)   The case of *Spaulding v. North etc. Homestead*

*Assn., supra,* relied on by appellant, and other cases cited, are not in conflict with what has just been said.

4. Appellant claims that the approval and ratification of the erasures and interlineations of the deputy clerk, by the resolution of the succeeding council, cured the defect. Without determining whether the clerk may at any time while in office, without any order of the council, amend the record according to the truth, being liable for any abuse of the right (in support of which appellant cites 1 Dillon on Municipal Corporations, 4th ed., sec. 294; *Welles v. Battelle,* 11 Mass. 477), it is sufficient to say that according to the testimony of the clerk the change was not in accordance with the truth, for he testified that "Oakland Tribune" was placed in the resolution when he drew it, was there when passed by the council and when recorded in the resolution-book, and remained there from July 24, 1893, to about February 16, 1894, and until, on his own motion, he changed it. There is no evidence whatever that the council made any other or different order from that entered in the book of resolutions, and the succeeding council does not find the fact to be otherwise. It has been held that a new council has no power to change the record of a preceding council (1 Dillon on Municipal Corporations, sec. 297); but whether this be so or not we are clearly of the opinion that it could not exercise such power if it injuriously affected intervening rights. It could not validate an assessment of the previous council which was void for want of jurisdiction to make it; it could not give any new effect to the resolution of the previous council confirming the assessment. (Dillon on Municipal Corporations, secs. 293-97.) The judgment and order should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.