STATE EX REL. ATTORNEY GENERAL, Respondent, vs. STOUGHTON CLUB OF STOUGHTON, WISCONSIN, and others, Appellants.

*May 3—May 23, 1916.*

*Intoxicating liquors: Unlawful sale: Public nuisance: Abatement by equitable action: Conviction not a condition precedent: Constitutional law: Right to jury trial.*

1. Under sec. 3180a, Stats. 1915, an equitable action may be maintained to enjoin or abate the public nuisance which, by sec. 1563, is declared to exist when any place is used for the sale of intoxicating liquors in violation of law.
2. Although under sec. 1563 a conviction of the keeper of such a place must be alleged and proved before the nuisance could be abated, there is no such condition precedent to an abatement under sec. 3180a; and the legislature had full power to provide the cumulative remedy given by the latter section.
3. Persons dealing in intoxicating liquors have no vested right to a jury trial upon the question whether or not their place of business is a public nuisance.     For such purpose an equitable action constitutes due process of law.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.     *Affirmed.*

Action to enjoin the defendants, the *Stoughton Club* and the members thereof, from maintaining their club premises and from vending, dealing in, or giving away intoxicating liquors contrary to the excise laws of the state. The complaint alleges that the defendants at their club rooms in the city of Stoughton have sold and are selling intoxicating liquors in violation of the laws of the state and that the *Stoughton Club* exists primarily for the purpose of evading the provisions of the laws of the state relating to the sale of intoxicating liquors. The defendants demurred to the complaint because it appears upon its face (1) that the court has no jurisdiction of the person of the defendants; (2) that plaintiff has not legal capacity to sue; and (3) that the complaint does not state facts sufficient to constitute a cause of action; and from an order overruling such demurrer they appealed.

For the appellants the cause was submitted on the brief of *J. C. Harper* and *Rufus B. Smith.*

For the respondent there was a brief by *Walter C. Owen,* attorney, and *Gilbert & Ela,* of counsel, and oral argument by *Emerson Ela.*

VINJE, J. The defendants' contentions as summarized in their brief are (1) that plaintiff's remedy is adequate at law and therefore the facts alleged in the complaint are not cognizable in a court of equity; (2) sec. 1563, Stats. 1915, provides for a penalty, and equity will not take jurisdiction to punish criminals in absence of special and very definite injury to property or property rights; (3) this action deprived the defendants of trial by jury to which they are entitled; and (4) if, under any view of the case, sec. 1563, Stats. 1915, can be construed to give jurisdiction to equity of the action at bar, it is on the sole condition that the complaint allege the conviction of the defendants. We deem it unnecessary to further state the argument or distinguish the cases referred to by the defendants because the question presented by the appeal is ruled by the provisions of our own statutes

passed since the cases cited were decided.  Sec. 1563, Stats.
1915, provides:

"All places of whatever description in which intoxicating
liquors are sold in violation of law shall be held and are de-
clared public nuisances and shall, upon the conviction of the
keeper thereof, be shut up and abated."

Sec. 3180*a,* Stats. 1915, also provides a remedy for abating
public nuisances as follows:

"An action to enjoin a public nuisance may be commenced
and prosecuted in the circuit court of the county in which the
alleged nuisance exists, in the name of the state, either by the
attorney.general upon his own information, or upon the re-
lation of a private individual having first obtained leave from
said court to commence and prosecute the same."

This section was enacted in 1905, and prior to that time
the abatement of places where intoxicating liquors were sold
in violation of law was under sec. 1563, and confessedly a
conviction of the keeper had to be alleged and proved before
making a case under it.  But sec. 3180*a* gives a cumulative
remedy in equity which is invoked in this case.  The power
of the legislature to provide such cumulative equitable rem-
edy cannot be successfully questioned.  It was invoked and,
*sub silentio,* sanctioned in *State ex rel. Marvin v. Larson,* 153
Wis. 488, 140 N. W. 285.  The power of the legislature to
deal with the liquor traffic by regulation or suppression is
quite plenary and has time and again been justified as a
valid exercise of the police power.  In *Zodrow v. State,* 154
Wis. 551, 143 N. W. 693, in speaking of such power it was
said:

"It may be summed up as resting upon the fundamental
principle that society has an inherent right to protect itself;
that the preservation of law and order is paramount to the
rights of individuals or property in manufacturing or selling
intoxicating liquors; that the sobriety, health, peace, comfort,
and happiness of society demand reasonable regulation, if not
entire prohibition, of the liquor traffic.  Unrestricted, it
leads to drunkenness, poverty, lawlessness, vice, and crime of

almost every description.  Against this result society has the inherent right to protect itself—a right which antedates all constitutions and written laws—a right which springs out of the very foundations upon which the social organism rests; a right which needs no other justification for its existence or exercise than that it is reasonably necessary in order to promote the general welfare of the state."

Persons dealing in intoxicating liquors have no vested right in a jury trial in order to determine whether or not their place of business is a public nuisance.  For such purpose an action in equity constitutes due process of law.  Since the demurrer admitted the allegation of the complaint that defendants dealt in intoxicating liquors in violation of law in their club rooms, and since sec. 1563 declares every such place a public nuisance, the complaint stated a good cause of action and the demurrer was properly overruled.

*By the Court.*—Order affirmed.