74    SUPREME COURT OF WISCONSIN.    [Oct.

State ex rel. Zabel v. Grefig, 164 Wis. 74.

STATE EX REL. ZABEL, Respondent, vs. GREFIG, imp., Appellant.

*September 15—October 3, 1916.*

*Nuisances: Bawdy houses: Abatement: Temporary injunction: Closing of house for one year: Constitutional law.*

1. Property used for purposes of lewdness, assignation, or prostitution is a nuisance, and in an action under secs. 3185*b* to 3185*h*, Stats., upon a satisfactory showing of such use, a temporary injunction may be granted.

[2. Whether the provision of sec. 3185*f*, Stats., to the effect that the building or place where such a nuisance is carried on may be closed for one year is constitutional, is not determined.]

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This action was brought to abate a nuisance and restrain the continuance thereof. It is alleged in the complaint that a certain hotel in the city of Milwaukee, Wisconsin, was used for the purpose of lewdness, assignation, and prostitution.

A motion for temporary injunction was made to restrain the defendants, pending the action, from continuing, maintaining, or permitting the use of the premises described in the complaint for the purpose of lewdness, assignation, and prostitution. Several affidavits were used on the motion for the temporary injunction in support of the allegations of the complaint. On the motion the court made the following restraining order:

"It is ordered that the defendants, their attorneys, agents, servants, lessees, and all other persons whatsoever do absolutely desist and refrain from:

"1. Maintaining or permitting in, or leasing for or using for lewdness, prostitution, or assignation, the whole or any portion of the building described by street number as 379 Third street, in the city and county of Milwaukee, state of Wisconsin, consisting of a three-story brick building known as Bismarck Hotel—said building being situated on the prem-

ises more particularly described as the north (N.) forty-three (43) feet of lot nine (9), block thirty-nine (39), in the Second ward in said city, county, and state,—and the furniture, fixtures, musical instruments, and all other contents of said building.

"2. Selling, leasing, or in any way disposing of, or removing from said premises above described the furniture, fixtures, musical instruments, or contents which were in or upon said premises at the time of the commencement of this action, until the conclusion of the trial of this cause and until the further order of the court shall be made herein."

A motion was made to vacate this order and denied.

For the appellant there was a brief by *H. L. Eaton,* attorney, and *Geo. Luebke,* of counsel, and oral argument by *Mr. Eaton.*

*Winfred C. Zabel,* district attorney, and *Arthur H. Bartelt,* assistant district attorney, for the respondent.

KERWIN, J.   It is contended by counsel for appellant that the court erred in granting a temporary injunction.   The showing made on the motion was ample to warrant the court in holding that the property in question was being used for lewdness and assignation so as to bring the case within the provisions of secs. 3185*b* to 3185*h*, Stats.   These statutes authorize an action similar to the one brought here for the abatement of the nuisance and declare the use of the property in the manner set forth in the complaint a nuisance, and also provide that upon a showing satisfactory to the court a temporary injunction may be granted.   It is therefore clear from the complaint that the action was properly brought, and it further appears from the allegations of the complaint, together with the affidavits produced on the motion, that the court was well warranted in making the order appealed from. *State ex rel. Wilcox v. Ryder,* 126 Minn. 95, 147 N. W. 953; *State ex rel. Kern v. Jerome,* 80 Wash. 261, 141 Pac. 753; *State ex rel. Att'y Gen. v. Stoughton Club,* 163 Wis. 362, 158 N. W. 93; *Mugler v. Kansas,* 123 U. S. 623, 8 Sup. Ct. 273;

*State ex rel. English v. Fanning,* 97 Neb. 224, 147 N. W. 215; *Comm. v. Howe,* 13 Gray (Mass.) 26; *State ex rel. Robertson v. New England F. & C. Co.* 126 Minn. 78, 147 N. W. 951; 1 Wood, Nuisances (3d ed.) § 29; 14 Cyc. 484.

Counsel for appellant contend that no power exists to declare that a nuisance which is not in fact a nuisance.

There is no question under the authorities but that the property used for the purposes which it is alleged to have been used in the complaint in this action is a nuisance; and the proof made on the motion for temporary injunction shows that the property as used was a nuisance under the statutes above referred to.

It is further insisted by counsel for appellant that the provision of sec. 3185*f,* Stats., to the effect that the building or place where the nuisance is carried on may be closed for the period of one year, is unconstitutional. We are not concerned with that provision of the statute on this appeal since the appeal is from the order granting temporary injunction. Whether the closing of the building in question here for the period of one year would be unreasonable and without authority of law is not now before us, and we refrain from expressing any opinion on this point. We are convinced that sufficient grounds were shown for the temporary injunction issued, therefore the order appealed from should not be disturbed.

*By the Court.*—The order appealed from is affirmed.