STATE EX REL. OWEN, Attorney General, Respondent, vs. SCHOTTEN, Appellant.

*December 8, 1916—January 16, 1917.*

*Municipal corporations: Village board: Correction of minutes: Intoxicating liquors: Granting licenses: Amending record: Invalidation of license already issued: Number which may be granted.*

1. Unless private rights have attached, a village board may order the record of its own proceedings, even after it has once been approved, to be corrected according to the facts; but if third per-

sons have acted in reliance thereon and private rights have accrued thereunder, the record cannot be amended.

2. Where only two liquor licenses could be granted in a village, but the board in form granted three and the minutes showing that they were granted in a certain order were afterwards approved, such minutes, even if incorrect, could not thereafter be amended to show the granting of the licenses in a different order, where the effect of the change would be to render invalid a license already issued to the second licensee named in such minutes and thereby subject him to loss of the fee paid and also to penalties for selling liquor unlawfully.

3. Where, pursuant to a vote of the electors, no licenses are granted in a village for a year or more, rights as to the granting of licenses under the proviso in sec. 1565d, Stats., lapse during such no-license period, and thereafter but one license may be granted in that village for each 500 inhabitants or fraction thereof.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to enjoin defendant from maintaining a saloon in the village of Norwalk because no valid license was issued to him. The facts found by the court are these: The village of Norwalk had a population of between 500 and 1,000 on June 19, 1916. In April, 1915, the electors of the village voted "no license" for the license year beginning July 1, 1915, and ending July 1, 1916, so no licenses were issued. In April, 1916, the electors voted in favor of license, and on the 19th day of June the village authorities granted three licenses for the year from July 1, 1916, in the following order: one to John Weibel, one to W. C. White, and one to the defendant herein. The minutes of the meeting showed that the licenses were issued in the order stated, and such minutes were read and approved at the next regular meeting held July 6, 1916; but after this action was begun and on the 3d of August, 1916, three members of the village council, with six out of the seven members present, voted in favor of the following motion, and three did not vote: "that error in the minutes of the regular license meeting be corrected

thus—placing *Louis Schotten* second and W. C. White third."
As conclusions of law the court found that the license granted
to defendant was void and that he should be enjoined from
conducting a saloon in the village of Norwalk. From a
judgment entered accordingly he appealed.

For the appellant there was a brief by *Wolfe, Wolfe &
Reid* of La Crosse, and oral argument by *A. C. Wolfe.*

For the respondent there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and
oral argument by *Mr. Messerschmidt.*

VINJE, J. The defendant contends that the village council had the power to, and did on August 3d, correct the
minutes of the regular meeting of June 19, 1916, to correspond with the fact that defendant was granted the second
license. Assuming that the language of the motion is adequate to express the fact that an error was made in the original minutes and that such error was corrected to correspond
to the fact, namely, that the second license was granted to the
defendant; and assuming further that the motion was carried,—an assumption negatived in *Oconto Co. v. Hall,* 47
Wis. 208, 2 N. W. 291,—we are of the opinion that the council had no power to make such correction because the rights
of third parties had intervened and would be prejudicially
affected by such correction. The original minutes showed
that Mr. White was voted the second license and the evidence
shows a license was issued to him. On July 6, 1916,
the minutes of the meeting of June 19th were read and
approved, and no effort was made to correct them till
August 3d, after this action was begun. In the meantime
Mr. White, relying upon the fact that the minutes correctly showed that he was granted the second license, paid
for it, and presumably has operated under it. Should the
minutes be permitted to be corrected as it is claimed they
were, he would be subject to the penalties prescribed for run-

ning a saloon without a license, if only two licenses could be legally granted by the village.    He would thus not only lose his license fee, but would be subject to severe penalties, not through any fault or neglect on his part, but solely because he was led astray by a record upon which he had a right to rely.    Dillon states the rule thus:

"The council, unless private rights have attached, may, doubtless, order the record of its own proceedings, even after it has once been approved, to be corrected according to the facts.    But if third parties have acted in reliance upon the record, and private rights have accrued thereunder, the rec-· ord cannot be amended."    2 Dillon, Mun. Corp. (5th ed.) § 554; *Sawyer v. M. & K. R. Co.* 62 N. H. 135; *California Imp. Co. v. Moran,* 128 Cal. 373, 60 Pac. 969; *New Haven, M. & W. R. Co. v. Chatham,* 42 Conn. 465.

Defendant further contends that under the proviso in sec. 1565*d,* Stats: 1915, three valid licenses could be issued notwithstanding the fact that no licenses were issued for the year ending July 1, 1916, since three valid licenses had been issued by the village before it voted dry in 1915.    The claim is that a vote of no license for a year or more and the failure to grant licenses during a no-license period does not constitute a lapse within the meaning of the proviso of sec. 1565*d* so as to bring the number back to that prescribed in the first part of the section, viz. one license for every 500 inhabitants or fraction thereof.    The claim is not well founded. As explained in the cases of *State ex rel. Marvin v. Larson,* 153 Wis. 488, 140 N. W. 285; *Zodrow v. State,* 154 Wis. 551, 143 N. W. 693; and *Koch v. State,* 157 Wis. 437, 147. N. W. 366, the purpose of the proviso was to protect existing saloon business in such a way as to create as little hardship thereto as possible and at the same time provide a method for reducing the number of saloons to the ratio prescribed in the first part of the section.    A saloon that has been out of business for one year, ·due to the inability to secure a valid license, is no longer an existing business.    It

needs no protection because it has no existence. It was not the object of the statute to foster or create new business beyond the limit of the ratio. On the contrary, it sought to reduce the number down to the ratio limit as speedily as possible without disturbing existing business. A vote of "no license" destroyed all the saloon business for a year. At the end thereof there was no existing business to invoke the aid of the proviso. If a no-license vote of one year did not have this effect, then a no-license vote for ten years or more would not have it. Since the defendant is unable to show an existing business entitled to the protection of the statute, he fails to show that a valid license was issued to him, for confessedly the village could grant but two valid licenses under the ratio limit.

*By the Court.*—Judgment affirmed.