STATE EX REL. OWEN, Attorney General, Respondent, vs. REISEN, Appellant.

SAME, Respondent, vs. O'NEILL, Appellant.

SAME, Respondent, vs. CONWAY, Appellant.

*February 16—March 13, 1917.*

*Intoxicating liquors: Licenses: Limitation of number after no-license period: Invalidity: Public nuisance: Injunction.*

1. The saving clause or proviso in sec. 1565d, Stats. 1915,—protecting existing licenses equal in number to those in force at a certain date,—is inoperative after a no-license period.
2. The saving clause in sec. 1565dd, Stats. 1915 (Laws 1915, ch. 453, sec. 2), is not applicable where, by reason of an injunction, a village board could not and did not fulfil the conditions of that clause by granting licenses within thirty days from the passage of said ch. 453.
3. Where neither of the saving clauses above mentioned was operative, but one license could be granted in 1916 in a village having less than 500 inhabitants.
4. Where a village board, having power to grant but one license, granted three in a single motion, all must be held illegal because

it cannot be said that any one of them was granted before the others.

5. Whenever any place is used for the unlawful sale of liquor, an action under sec. 3180a, Stats. 1915, to enjoin it as a public nuisance may be maintained, although there has been no criminal conviction of the keeper of the place.

APPEALS from judgments of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

These are actions in equity brought on behalf of the state under the provisions of sec. 3180a, Stats. 1915, to enjoin the maintenance of certain saloons in the village of Ridgeway because not legally licensed and hence public nuisances under sec. 1563, Stats. 1915.

The actions have already been in this court on appeals from judgments of the county court of Iowa county, and it was held that such court did not have jurisdiction of them, and the records were remanded with directions to certify them to the circuit court for Iowa county for further proceedings. 164 Wis. 123, 127, 159 N. W. 747, 749. An affidavit of prejudice against the circuit judge being on file in each case, the cases were sent by the circuit court for Iowa county to the circuit court for Dane county for trial. The material facts were not disputed and were alike in all the cases.

The village of Ridgeway had a population of 358 by the state census of 1905 and of 437 by the federal census of 1910. It had several licensed saloons up to the license year beginning July 1, 1913, during which year no license was granted because at the election in April, 1913, the voters had voted for no license. At the election in April, 1914, there was a majority for license, and the village board on June 30th of that year granted licenses to *O'Neill, Conway,* and one Zurfleuch for the ensuing year. At the election in April, 1915, the election officials returned a majority for license, but an action was brought prior to July 1, 1915, in behalf of the state, charging fraud in the election and asking that the

village board be enjoined from granting any license. A temporary injunction was granted restraining the board from granting any license *pendente lite,* and this order was in force until December 31, 1916, when the action was dismissed. No licenses were granted for the license year beginning July 1, 1915, on account of this temporary injunction. At the election in April, 1916, there was a majority for license, and on June 29, 1916, at a meeting of the village board, a motion was made and carried that licenses be granted to the three defendants (all being named in the same motion) for locations which had been occupied as saloons under the licenses granted for the license year 1912–13.

July 29, 1915, ch. 453, Laws 1915, went into effect, amending sec. 1565*d*, Stats., by changing the ratio of saloons to inhabitants from one for each 250 to one for each 500. This act also contained a new provision, familiarly known as the Stemper amendment (sec. 1565*dd*, Stats.), providing as follows:

"Any town, village or city in this state wherein during the year ending June 30, 1913, licenses had been granted to persons for locations for the sale of strong, spirituous, malt, ardent or intoxicating liquors in violation of the provisions of section 1565*d*, may within thirty days from the passage and publication of this act grant licenses to any person qualified under the provisions of sections 1548 and 1565*l* for any such location, provided that if the granting of such license for such location will increase the total number of licensed locations in any such municipality over the number in existence June 30, 1915, and also over the ratio of one for each five hundred inhabitants, or fraction thereof, some other location in such municipality shall be abandoned or discontinued or license refused therefor and any location substituted, reinstated or licensed under the provisions hereof shall thereafter be subject to the provisions of section 1565*d*. And provided further that in all cities the chief of police shall first file with the city clerk in writing consent to or approve of the location to be reinstated and granted license and also consent

to or approve of the location to be abandoned or discontinued."

No attempt was made by the village board to act under the provisions of this last named law.

The circuit court held that the board could legally grant but one license and that none of the licenses in form granted to the defendants June 29, 1916, were valid; that judgment should be entered in each case abating the saloon as a nuisance unless within five days the village board chose to grant a license to one of the defendants, in which case the action against such defendant should be dismissed. No action being taken by the village board within the prescribed time, judgment for the plaintiff was entered in each case and appeals were taken.

For the appellants the cause was submitted on the brief of *McGeever & McGeever* of Dodgeville and *Platt Whitman* of Highland.

For the respondent there was a brief by *Crownhart & Wylie* of Madison and *Fiedler & Fiedler* of Mineral Point, and oral argument by *E. C. Fiedler* and *F. M. Wylie.*

WINSLOW, C. J. These judgments must be affirmed because (1) the fact that no licenses were granted in the license year 1913–14 prevented the operation of the saving clause in sec. 1565$d$, Stats. 1915 (*State ex rel. Owen v. Schotten, ante,* p. 88, 160 N. W. 1066); (2) the saving clause in sec. 1565$dd$ does not apply, because the village board could not and did not fulfil its conditions by granting licenses within thirty days after its passage, the injunction against granting licenses being in operation at the time the act was passed and for more than thirty days thereafter; (3) only one license could be legally granted in 1916 under the provisions of 1565$d$, Stats., because the village had less than 500 inhabitants; (4) three licenses being granted in a single motion,

all must be held illegal, because it is impossible to say that any one of them was granted before the others; (5) the remedy by action in equity to enjoin a public nuisance may be invoked although there has been no criminal conviction of the keeper of the place.    *State ex rel. Att'y Gen. v. Stoughton Club,* 163 Wis. 362, 158 N. W. 93.

*By the Court.*—Judgment affirmed in each case.