[No. 3,556.]

MARY J. HIXON, ADMINISTRATRIX OF THE ESTATE OF O. HIXON, DECEASED, *v.* S. H. BRODIE.

FINDING OF FACT BY THE COURT.—A material fact, put in issue by the pleadings, will be presumed to have been found by the Court in such a way as to support the judgment.

SPECIFICATIONS IN STATEMENT.—The appellate Court will not review the evidence to determine whether the finding of the Court upon a particular issue of fact is justified by the evidence, unless there is a specification in the statement that the evidence was insufficient to justify the finding on this issue.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The plaintiff sued to recover an alleged street assessment for planking Townsend street from Third street to Fourth street. The plaintiff alleged in the complaint that the "Board of Supervisors caused full and due notice of the nature and character of said work to be done, with specifications in detail, to be conspicuously posted and kept posted in the office of the Superintendent of Public Streets and Highways of said city and county for five consecutive days,

and to be published for five consecutive days—Sunday excepted—commencing, the said last named day, in the aforesaid newspaper, inviting sealed proposals for doing said work." The answer denied this allegation, and after trial had before the Court judgment was rendered for the defendant. There were no findings of fact. The plaintiff moved for a new trial; the motion was denied, and he appealed from the judgment and from the order denying his motion. The record contains no specification as to the insufficiency of the evidence to justify a finding that the notice was not posted as required by law.

*Parker & Roche*, for Appellant.

*D. H. Whittemore* and *S. H. Brodie in pro. per.*, for Respondent.

The defendant is entitled to the benefit of the finding implied in aid of the judgment that the notice was not posted according to law. There is no specification of error as to such finding, and therefore the Court cannot look into the evidence for the purpose of deciding whether the finding was correct. When the written findings are silent as to material facts necessary to support the judgment, and no effort is made to correct them, the Court will presume in aid of the judgment that the necessary facts were proved, unless the contrary appear. (*Tewkesbury* v. *Magraff*, 33 Cal. 237.) It is necessary for the appellant to show error, and he can only do so by introducing all of the testimony. It will not do to conclude that the case involves but one point which he (appellant's counsel) deemed of any importance, and thus attempt to reverse the judgment of the District Court. The presumption is in favor of the correctness of the judgment, and there is nothing in this record to show that it is erroneous. The transcript being silent as to the proof upon this point, the presumption here is that the proof brought this case

fully within the principle decided in *Hewes* v. *Reis*, 40 Cal. 255, in which the Court held that a failure to post the notice for five days was fatal.

*C. H. Parker*, for Appellant, in reply, argued that the presumption was that the record contained all the testimony, and that as the record did not show that defendant had offered proof to negative the allegation in the complaint as to the posting of notice, there was nothing to support a presumption that the Court found against the truth of the allegation.

By the COURT:

We held in *Hewes* v. *Reis*, 40 Cal. 262, that the posting of the notice inviting sealed proposals in the manner directed by the statute was a condition precedent to the action of the Board in letting the contract. Here the allegation of the complaint that such notice had been posted as required by the statute was put in issue by the answer. The judgment, implying the necessary findings, was in favor of the defendant; among these, is to be intended a finding that the notice had not been posted. If this be so, the judgment was correctly rendered for the defendant. And we have no means of determining whether the evidence was sufficient to justify the assumed finding in this particular, inasmuch as there was no specification that the evidence was insufficient to justify the finding upon this issue.

Judgment and order affirmed.