[No. 15094. Department One. — March 21, 1893.]

## C. G. SHIPMAN, Appellant, v. CHARLES FORBES, ET AL., Respondents.

Proceedings in Invitum — Mandatory Requirements of Statute — Validity of Proceedings. — In proceedings where the property of a citizen is to be taken, every requirement of the statute having the least semblance of benefit to the owner must be complied with; and when the form of the statutory proceeding is prescribed, its observance becomes essential to the validity of the proceedings.

Id. — Street Assessment — Date of Warrant — Insufficient Compliance with Statute. — Under section 10 of the act of 1872 (Stats. 1872, p. 813), relating to street assessments in San Francisco, which directs the superintendent of streets to attach to the assessment a warrant, and prescribe the form of the warrant and its date and authentication, the date is an essential part of the assessment, and includes the month and day of the month, as well as the year; and a warrant reciting the year merely, without the month or day of the month, is invalid.

Id. — Date of Signature of Auditor — Neglect of Superintendent of Streets. — The fact that the county auditor, when he countersigned the warrant, wrote the date of his signing under his signature does not give the warrant itself that date, or cure the defect arising from the failure of the superintendent of streets to date it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Wood*, for Appellant.

*Cope, Boyd, Fifield & Hoburg*, and *Stanly, Stoney, and Hayes*, for Respondents.

HARRISON, J. — Action to foreclose a street assessment in San Francisco.

The plaintiff offered in evidence the original assessment, diagram, warrant, and affidavit of demand and non-payment, to which defendants objected upon the ground that the warrant was not dated. The warrant is in the following form: —

" By virtue hereof, I, C. S. Ruggles, superintendent of public streets, highways, and squares of the city and county of San Francisco and state of California, by virtue of the authority vested in me as said superintendent of public streets, highways, and squares, do authorize and empower James S. Dyer, his agents or assigns, to demand and receive the several assessments upon the assessment and diagram hereto attached, and this shall be his warrant for the same.

" San Francisco, 1885.          C. S. RUGGLES,
" Superintendent of Public Streets, Highways, and Squares.

    " Countersigned by          FLEET F. STROTHER,
       " Auditor of the City and County of San Francisco.
    " September 7, 1888."

The court excluded the evidence, and rendered judgment for the defendants, and this ruling is now assigned as error.

Section 10 of the act of 1872 (Stats. 1872, p. 813), under which the proceedings were had, directs the superintendent of public streets, highways, and squares to attach to the assessment a warrant, which shall be signed

by him and countersigned by the auditor, and prescribes the form of the warrant. In this form, after giving the body of the warrant, its date and authentication are prescribed as follows: —

"San Francisco (date), eighteen hundred and ——.
"—— (Name of Superintendent),
"Superintendent of Public Streets, Highways, and Squares.
"Countersigned by      —— (Name of Auditor),
"Auditor of the City and County of San Francisco."

The warrant issued in the present case follows the prescribed form, except in the matter of its date.

The words, " San Francisco, 1885," cannot be considered as a compliance with the statutory requirement that the warrant be dated. Other portions of the statute show that the "date" which the warrant is to contain includes the month and the day of the month, as well as the year. Section 11 requires the contractor to return the warrant to the superintendent of streets "within ten days after its date," in order to preserve the lien of the assessment; and by section 13, an action upon the assessment cannot be brought until "after the period of fifteen days from the day of the date of the warrant." The form prescribed by the statute makes the date as much a part of the warrant as it does the signature of the officer, and in matters of this character, in which the property of a citizen is to be taken *in invitum*, it cannot be said that any requirement of the statute is to be disregarded. Every requisite having the semblance of benefit to the owner must be complied with; and where the form of a statutory proceeding is prescribed, its observance becomes essential to the validity of the proceedings. (*Smith* v. *Davis*, 30 Cal. 537; *Taylor* v. *Donner*, 31 Cal. 483; *Hewes* v. *Reis*, 40 Cal. 263; *Grimm* v. *O'Connell*, 54 Cal. 522.)

It is conceded on the part of the appellant that these words did not amount to the dating of the warrant, but it is contended by him that when the auditor counter-

signed the warrant over the date of September 7, 1888, the warrant itself took that date, and therefore was dated.  The function of the auditor, however, being merely that of approval, and limited to countersigning the warrant, is not called into exercise until after the warrant has been completed.  Whatever is essential to the issuance and validity of the warrant must be done before it reaches the auditor, and no act of his can supply any defect or cure any irregularity in the prior proceedings.  The position of the date, September 7, 1888, after the countersigning by the auditor, shows that it was a part of his act, and not a part of the warrant itself.

The judgment and order are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.