[L. A. No. 351. Department Two.—December 2, 1898.]

DELIA W. CHASE, Appellant, v. CITY TREASURER OF CITY OF LOS ANGELES and M. SHELDON, Respondents.

Void Street Assessment—Threatened Sale of Property—Injunction. An injunction will lie to restrain the threatened sale of the real property of the plaintiff by the city treasurer to pay an amount claimed to be due on a void bond, and assessment for a street improvement, under the provisions of the act of March 17, 1891 (Stats. 1891, p. 116), and of the so-called Vrooman act of March 18, 1885. (Stats. 1885, p. 147.)

Id.—Cloud Upon Title—Effect of Deed as Evidence.—Such sale, if consummated, would cast a cloud upon plaintiff's title. The deed to be executed thereunder is by statute made *prima facie* evidence that the property was duly assessed, and conclusive evidence of the regularity of all other proceedings, and to defeat the assessment and deed, the plaintiff must resort to extraneous evidence, which is the test of his right to invoke the aid of equity to restrain the sale.

Id.—Tender Unnecessary.—No tender is necessary to be made of any part of a void assessment as a condition of equitable relief against its enforcement.

Id.—Appeal to City Council.—An appeal to the city council is not required where the assessment is void by reason of incurable defects.

Id.—Notice of Intention—Unauthorized Publication—Want of Jurisdiction.—An unauthorized publication of the notice of intention to do street work in a paper other than that designated by the

council for that purpose, as required by section 3 of the act of 1891, is in effect no publication thereof, and cannot give jurisdiction to order the work to be done.

Id.—Void Contract—Improper Delegation of Power.—Specifications in the contract for street work delegating duties which the council alone can perform render the contract and the assessment thereunder void.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order dissolving an injunction. J. W. McKinley, Judge.

The facts are stated in the opinion.

C. W. Chase, for Appellant.

F. W. Burnett, for Respondents.

CHIPMAN, C.—This action was brought to restrain the city treasurer of Los Angeles from selling the real property of plaintiff to pay the amount claimed to be due by defendant Sheldon on a bond issued against said property under the provisions of the act of March 17, 1891 (Stats. 1891, p. 116), for work on Ohio street in said city, which work was done under the provisions of the so-called Vrooman act of March 18, 1885. (Stats. 1885, p. 147.) A perpetual injunction was prayed for, and that said bond and assessment be declared to be void so far as they affect plaintiff's property.

The court granted a preliminary injunction. Later an amended complaint was filed, to which defendants demurred for insufficiency of facts. At the hearing the demurrer was sustained; the injunction was dissolved and defendants had judgment, from which and from the order dissolving the injunction plaintiff appeals. By stipulation both appeals are to be heard upon one transcript.

The complaint sets out all the proceedings of the council and the steps taken subsequently leading up to the issuance of the bond provided for by the act of 1891, and sets forth the notice of sale of plaintiff's property because of default in payment of said bond, and that the said city treasurer threatens to sell and will sell plaintiff's property unless restrained, and will in due course execute a deed under the terms of the statute which will be con-

clusive evidence of the regularity of some of the proceedings and *prima facie* evidence of the regularity of all the proceedings under said acts, and will cast a cloud upon plaintiff's title to said property.

1. Appellant contends that injunction is a proper remedy, and that equity will enjoin the collection of and set aside a void assessment. This contention is supported by numerous citations from text-books and decisions of this and other courts of last resort. Respondents make no reply to these, but plant themselves upon *Esterbrook v. O'Brien*, 98 Cal. 671 (cited it is claimed with approval, in *Hellman v. Shoulters*, 114 Cal. 141), as conclusively determining the question, and a holding that, even though the assessment be absolutely void, the injured party must litigate his rights in an action at law. We do not think these cases or those to which reference is made in the opinions necessarily lead to the proposition stated by respondents.

It is well settled, as a general rule, that where an officer is about to sell real property to enforce the collection of a delinquent tax the equity court will interpose to restrain the sale, if, when consummated, it would cast a cloud upon the title. The true test by which to determine whether a deed, following such sale, would cast a cloud upon the title of plaintiff was stated in *Pixley v. Huggins*, 15 Cal. 128, to be: "Would the owner of the property in an action in ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery?" This test has been many times since affirmed in substantially the same but varying forms of expression.

It is equally well settled that a court will not restrain the sale for taxes when it is apparent that the sale would be void on the face of the proceedings upon which the purchaser must necessarily rely to make out a *prima facie* case to enable him to recover under the sale. (*Bucknall v. Story*, 36 Cal. 71, and cases there cited.)

By section 41 of the act of March 17, 1891, the provisions of the Political Code relating to sales for nonpayment of delinquent taxes are made a part of the act. Sections 3786 and 3787 of that code make the deed *prima facie* evidence that the property was assessed, and the taxes levied as required by law; that the taxes were not paid, and that the sale was in all respects ac-

cording to law; that the property was not redeemed, and that the person who executed the deed was the proper officer; and such deed is "conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed." The statute makes the assessment a lien upon the property of plaintiff, and so also the bond issued upon nonpayment, and there is nothing upon the face of the assessment or the bond to show that the lien is not in all respects valid. It is obvious that to defeat such an assessment or such a deed the plaintiff must resort to evidence extraneous of any recitals to be found in it, and this brings the case directly within the test as to what constitutes a cloud upon her title. In such a case it was said in *Bolton v. Gilleran*, 105 Cal. 244, 45 Am. St. Rep. 33: "Although she can assert the same matters as a defense to any action for the enforcement of the assessment, she is not required to wait until such action may be brought, and, in the meantime, suffer the injury of having the title in her hands impaired by this apparent lien, but may herself invoke the equitable aid of the court to remove the cloud and to enjoin the holder of the assessment from asserting any claim upon her lands by virtue thereof." In that case the plaintiff sought to stop the progress of the proceedings at a stage a little earlier than did the plaintiff here, but we cannot see that she had any greater right to maintain the action than this plaintiff. The work had been done and the assessment levied, and the lien had attached so far as it could. The issuing of the bond gives the contractor no greater or better lien than he had under the assessment and warrant, but in effect takes the place of the warrant, and the owner of the lot may prevent the issuance of the bond by exercising the election given by section 40 of the act "and the payee of the warrant, or his assigns, shall retain his right for enforcing collection, as if said lot or parcel of land had not been so listed by the street superintendent." We think it true here as was said in the Hellman case: "So far as the questions in this case are concerned, the bonds really cut no figure, and might as well be eliminated from the case." We are unable to discover any distinction between this case and that of *Bolton v. Gilleran, supra,* so far as the right of action is involved. The fact that plaintiff made no tender of any part of the tax and makes no offer to pay that portion which may be found to be

legal cannot, we think, deprive her of the right to the relief where she shows that the entire assessment is void. Why should she make tender of a claim no part of which has any validity? If this were an action to quiet plaintiff's title her action would lie. (*Kittle v. Bellegarde*, 86 Cal. 556, and cases there cited.) That was an action to quiet plaintiff's title and to restrain defendant from executing a deed upon a certificate of sale given for nonpayment of delinquent street assessment. The action rested upon a showing that the assessment was void. The injunction was held to be proper as ancillary to the principal relief and to make that relief effectual. The principal relief asked there was to have the assessment annulled and set aside, and to have the certificate canceled; here it is to have the assessment and bond declared void as against plaintiff's property. Both are equitable actions, and while one is in form to quiet title under section 738 of the Code of Civil Procedure and the other is an appeal to the general equity powers of the court, both aim at the same result and afford the same relief. We can discern no reason why the one should be afforded and the other refused.

As we regard the case, the only debatable question relating to the remedy, assuming the assessment to be entirely void, is: Did plaintiff lose her relief in this action by failure to avail herself of the opportunities afforded by the statute to correct the errors and irregularities of which she now complains?

It is hardly necessary to summarize the provisions of the act as to the matters made the subject of appeal to the council. They have been frequently stated in former cases.

It was held in *Manning v. Den*, 90 Cal. 610, that section 11 of the act of March 18, 1885, authorizing street assessments, to the effect that no assessments shall be invalid except upon appeal to the city council, et cetera, does not apply to a case where an appeal is not authorized, or in which, if taken, the council could not have remedied the defect, the assessment being void by reason of incurable defects; and if in such case the owner appeals, and the decision of the council is against him, he is not estopped.

It was held in *McBean v. Redick*, 96 Cal. 191, that where the contract is absolutely void its invalidity could not have been remedied or avoided by the trustees of the city, and, this being so, the property owner was not required to appeal to the trustees for its correction.

In *Frick v. Morford,* 87 Cal. 576, it was said in respect of the act of 1885: "The owners were interested in having a legal and correct assessment. If the assessment was illegal, and created no lien upon his land, Williams (the owner) was not a person who would feel 'aggrieved'; and was not required to appeal for the purpose of giving to the plaintiff a valid assessment." (See *Perine v. Forbush,* 97 Cal. 305; *Brock v. Luning,* 89 Cal. 316.) If the alleged irregularities in this case were such as to show want of jurisdiction to order the work, or that the council delegated to the supe.intendent powers which the council alone could exercise, these if no other would be sufficient to render the assessment void, and no appeal by plaintiff to the council could have availed him.

2. Several defects are pointed out, the result of which, it is claimed, rendered the assessment void.

(*a*) It is alleged in the complaint that the only paper designated by the council for the publication of notice of intention was the "Los Angeles Daily Times," and that the only publication of notice was in the "Los Angeles Evening Express." Section 3 of the act of 1891 provides that the resolution of intention "shall be . . . . published by two insertions in one or more daily, semi-weekly, or weekly newspaper published and circulated in said city, and designated by said council for that purpose." The act requires the street superintendent to post notices headed "Notice of Street Work," and to publish like notice in one or more . . . . newspapers. At the expiration of a certain period thereafter, if no objection to the work has been filed, "the city council shall be deemed to have acquired jurisdiction to order any of the work to be done . . . . which is authorized by this act."

An act required that notice of awards of contracts by the board of supervisors should be published for five days. It was published, but without a previous order of the board. Held, that the publication of the notice was void. (*Donnelly v. Tillman,* 47 Cal. 40; *Donnelly v. Marks,* 47 Cal. 187, followed in several subsequent cases.) So held with regard to the publication of ordinances. (*Napa v. Easterby,* 61 Cal. 509.) Held in *Shipman v. Forbes,* 97 Cal. 572, that "in proceedings where the property of a citizen is to be taken, every requirement of the statute hav-

ing the least semblance of benefit to the owner must be complied with." No one can doubt that the purpose of notice is to give the owner of property an opportunity to object to the proposed work, and that notice is for his benefit and is of benefit. Here the act required the council to designate the newspaper, and the ordinance directed the publication to be made in that paper.

It was, we think, mandatory upon the council to designate the paper, and, being so, a publication in some paper not designated would not be a compliance with the statute, and would in effect be no publication. (Wade on Notice, secs. 1106, 1108, 1123; 2 Dillon on Municipal Corporations, sec. 605, and cases cited. See, also, *Donnelly v. Tillman, supra,* followed in many cases; *Napa v. Easterby, supra; Shipman v. Forbes, supra; Hewes* v. *Reis,* 40 Cal. 255.)

(*b*) It is alleged in the complaint that amended specifications No. 5 contains certain provisions which, when examined, we think will be found to delegate duties which the council alone can perform. In *Bolton v. Gilleran, supra,* the question as to the power of the supervisors of San Francisco to delegate the authority given them by the statute was very fully considered. It was cited with approval in *Perine etc. Co. v. Pasadena,* 116 Cal. 6. We think those cases are determinative of the point here relied upon that there was an unauthorized delegation of power by the council.

Counsel for appellant presents several other alleged fatal defects, but we do not think it necessary to notice them. It is obvious that sufficient has been shown to render the assessment void and the bond invalid. Respondents' counsel make no objection to the sufficiency of the complaint, except in the single contention that the case is not one for equitable relief. While we might well have assumed that the assessment was void, it appears clearly from what has been said that in at least two vital particulars the complaint shows it so to be. We think the demurrer should have been overruled, and that it was error to dissolve the injunction and enter judgment for defendants.

The order dissolving the injunction and the judgment in favor of defendants should be reversed and the cause remanded.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order dissolving the injunction and the judgment in favor of defendants are reversed and the cause remanded.

McFarland, J., Henshaw, J., Temple, J.