[No. 50.    Third Appellate District.—September 30, 1905.]

## SACRAMENTO PAVING COMPANY, Respondent, v. JAMES ANDERSON, Appellant.

STREET IMPROVEMENT—PRESENTATION OF RESOLUTIONS TO MAYOR—FREE-HOLDERS' CHARTER—STATUTE INAPPLICABLE.—Where the free-holders' charter of a city does not require resolutions to be presented to the mayor, a resolution of intention to improve a street and the resolution ordering the work done under such charter need not be presented to the mayor for his approval. The act of March 27, 1897, requiring resolutions to be presented to the mayor, has no application to a city working under a freeholders' charter.

ID.—ESTIMATE OF STREET WORK UNDER VROOMAN ACT.—The Vrooman Act does not appear to require an estimate of street work before passing the resolution of intention unless the municipal board should be desirous of issuing serial bonds for the work, or to place the work in a district.

ID.—POSTING OF NOTICES—OBJECT AND EXTENT OF REQUIREMENT.—The object of the statute requiring the street superintendent to post notice of the passage of the resolution of intention "along the line of said contemplated work or improvement" is to give the persons interested a chance to know what is intended, so they can appear and state any objections they may have. It is sufficient that the notices are posted as required along the entire line of the contemplated work; but it is not necessary to post any notice in a block not mentioned in the resolution, upon which no work is to be done and no part of which can be assessed for the work proposed.

ID.—SEPARATE PARTS OF STREET—SINGLE CONTRACT.—The fact that the work is to be done upon separate parts of the same street, omitting a block therein, does not preclude the letting of the work by a single contract where the work is not of a different character on any part of such street.

ID.—CONSTITUTIONALITY OF VROOMAN ACT—PASSAGE OF CONSTITUTIONAL AMENDMENT.—The Vrooman Act is constitutional under the amendment of section 19 of article XI, proposed by the legislature in 1883 and properly submitted to the people at the general election in 1884 as constitutional amendment No. 1. The bill proposing that amendment, with its indorsement, shows that it was properly enrolled, authenticated, and deposited with the secretary of state as having been passed by the legislature; and the journal cannot be looked to to rebut or set aside the presumption thus raised that it was properly passed.

APPEAL from an order of the Superior Court of Sacramento County denying a new trial. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

R. Platnauer, for Appellant.

Chauncey H. Dunne, and J. H. Liggett, for Respondent.

BUCKLES, J.—This is an appeal from an order denying defendant's motion for a new trial in a case of street-assessment work on Eighteenth Street in the city of Sacramento. Work commenced at the south line of the alley between B and C streets and running south to the north line of E Street; from the south line of E Street to the north line of G Street; from the south line of G Street to the north line of H Street and so on to L. Street, omitting the cross streets; then commencing again at the south side of M Street running south, omitting the cross streets N, O, P, and Q, to the north line of R Street. The judgment was for the plaintiff, and the defendant appeals. The appellant sets forth the following as assignments of error:—

1. The resolution of intention and the resolution ordering the work were not presented to the mayor, and should have been presented to him for his approval;

2. The city surveyor did not furnish estimates of the cost of the proposed work to the board of trustees *before* the adoption of the resolution of intention;

3. The notice prescribed by the statute was not given;

4. The defendant's property was assessed for the cost of work for which it was not legally liable;

5. Section 19 of article XI of the constitution as adopted in 1879 has never been amended, and the Vrooman Act is unconstitutional.

*As to the first assignment* of error. Sacramento was operating under a freeholders' charter adopted February 7, 1893, when the street work began. That charter did not require a *resolution* to be presented to the mayor for his signature. March 27, 1897, the legislature passed an act providing that every ordinance and every resolution of the city council of any municipality . . . which shall have passed the city council, shall, before it takes effect, be presented to the mayor for his approval. But this act has no application, in this respect, to a city working under a freeholders' charter. (*Morton* v. *Broderick*, 118 Cal. 486, [50 Pac. 644].)

I Cal. App.—43

*As to the second assignment* of error. The law (Vrooman Act) does not seem to require as a prerequisite that the city council should have an estimate of street work before it passes the resolution of intention, unless the council should be desirous of issuing serial bonds for the work or to place the work in a district. (*Petaluma Pav. Co.* v. *Singley,* 136 Cal. 618, [69 Pac. 426].)

*As to the third assignment* of error. Along Eighteenth Street, between the north line of L and the south line of M, there was no street work in this contract and no notices were put up for a distance of one whole block, a distance of more than five hundred feet; the work coming down Eighteenth Street from the north to the north line of L Street and continuing south on Eighteenth Street from the south line of M Street. Notices were put up properly along the frontage where any work was done, and as no work was let and none done on Eighteenth Street where the blocks between L and M streets fronted, it would seem that no notices were necessary. The statute prescribes that the street superintendent shall "cause to be conspicuously posted along the line of said contemplated work or improvement, at not more than one hundred feet in distance apart, but not less than three in all, or where the work to be done is only upon a certain crossing or any part thereof, in front of each quarter block and irregular block liable to be assessed, notice of the passage of said resolution."

"In proceedings where the property of the citizen is to be taken, every requirement of the statute having the least semblance of benefit to the owner must be complied with; and when the form of a statutory proceeding is prescribed its observance becomes essential to the validity of the proceedings." (*Shipman* v. *Forbes,* 97 Cal. 572, [32 Pac. 599]; *Chase* v. *Treasurer Los Angeles,* 122 Cal. 545, [55 Pac. 414].) If it is necessary to put up notices along this five hundred feet where no work is to be done, then, of course, the notice is not sufficient to give the city council jurisdiction. The notice required by the statute is clearly to give the persons interested a chance to know what is intended so that such interested persons can appear and object if any objections they have. None are legally interested except those having a frontage on the proposed work, the landowners liable to as-

sessment for the work, and none others can object. It would be idle to put a notice where none are entitled to have notice. Where there is one block along a street proposed to be improved, and this block on the street in front of it is not included in the improvement, then for the purposes of the notices it appears to us that such block is not "along the line of said contemplated work or improvement." It is not *in* such work and therefore we may ask "need any notice be posted on such block?" But appellant offers the following authorities as sustaining his position, that notice must be posted on the blocks along Eighteenth Street, between L and M streets, where no work was to be done: *Hewes* v. *Reis,* 40 Cal. 255; *Hixon* v. *Brodie,* 45 Cal. 275; *Shipman* v. *Forbes,* 97 Cal. 572, [32 Pac. 599]; *Chase* v. *Treasurer of Los Angeles,* 122 Cal. 540, [55 Pac. 414]; and *Dowling* v. *Hibernia Sav. and L. Society,* 143 Cal. 425, [77 Pac. 121]. In *Hewes* v. *Reis* the notice was posted but three days, when the statute required it should be posted five days. It was held this was such a defect as to render all subsequent proceedings void. *Nixon* v. *Brodie* has no bearing on the questions whatever further than to approve of *Hewes* v. *Reis.* In *Shipman* v. *Forbes* the question was as to a date in the assessment, which read "San Francisco, 1885," and the court held this insufficient and not to comply with the statute as to giving date. In *Chase* v. *Treasurer of Los Angeles,* 122 Cal. 540, the notice of intention was published in a newspaper without the previous order of the board that it should be published in that paper. This made the publication of notice void. In *Dowling* v. *Hibernia Sav. and L. Society* the resolution stated that it was the intention of the board to order the following street work, viz.: "That granite curbs be laid in Henry Street between Sanchez and Noe streets where not already laid, and that the roadway thereof be paved with bituminous rock, where not already so paved." Some of the street in front of some of the lots on Henry Street between Sanchez and Noe streets had already been paved and was not included in the work to be done. The proof showed that notices had been conspicuously posted along the line of Henry Street between Sanchez and Noe streets, notices not more than one hundred feet in distance apart, and six notices in all. *Held* that *along the line of Henry Street* was along the line of the contem-

plated work described in the resolution of intention. The court said in that case, "The line of the contemplated work or improvement, within the meaning of the statute, is precisely the same as if no such exception of work already done had been made," and we understand from this expression that had the resolution of intention read "That granite curbs be laid in Henry Street between Sanchez and Noe streets, and that the roadway thereof be paved with bituminous rock," then the notices would have had to be posted just as they were. That the law reasonably construed requires the notice to be posted along the *entire* line of the contemplated work, there can be no doubt. The whole line of improvement was between two streets five hundred and sixty feet apart, and the record shows that the block had been improved its full width part of the way and had been improved part of its width on one side of the street and part of its width on another portion of the street, so that it was irregular portions of the street in that block that were to be improved. In the case before us, no mention whatever is made of the street between L and M streets, and the approved rule laid down in the Dowling case (143 Cal. 425, [77 Pac. 121]) does not and cannot be made to mean that a portion of a street, a whole block and upwards, not mentioned in the resolution of intention, no portion of the land fronting on which can be assessed for the work, is "along the line of the contemplated work" merely because some work is done on the street in front of the other blocks on both sides of such block, so that notices of such work must be posted along such block on which no work is to be done. Putting notices along Eighteenth Street between L and M streets might tend to confuse the property-owners along said part of Eighteenth Street and could be of no benefit or information to landowners in other blocks who would become liable for the work done under the resolution of intention. The notices were sufficient and accomplished all intended by the statute.

*As to assignment* of error number four.

Just how defendant's property was assessed for the cost of work for which it was not legally liable does not appear. All the work to be done on Eighteenth Street was let in one contract. The fact that the portion of Eighteenth Street between L and M streets was not included in the contract would

tend to lessen the rate per front foot, while had the work been let in two contracts there would not have been as many curbs and curves to pay for in the part south of M Street, the part in which defendant's property is located, and probably the cost to him in that event might have been a little less per front foot. In the case cited by appellant, that of *Bates* v. *Twist,* 138 Cal. 52, [70 Pac. 1023], it was held that the designation of a street or portion of a street which is to be improved, with a description of the work to be done thereon, becomes thereby a distinct and several improvement whether it be the only improvement specified in the resolution of intention or in the resolution ordering the work, or whether other improvements are included in it; and that when the character of the improvements on different portions of the same street is different, they are of necessity independent items of street work.

But in the case at bar the work is not different on any part of Eighteenth Street, and no reason is apparent why the work should have been divided up in two or more contracts.

*As to assignment* of error number five. Appellant asks this court to override a constitutional amendment which has been before the supreme court on at least three different occasions upon the same question and the validity of the amendment upheld each time. He alleges that upon every occasion in which this question has been presented to the court the facts have been misstated and alleges the true facts to be that the amendment under discussion was never entered in the journal of the assembly either by identifying reference or in any other manner. If section 19 of article XI was not amended in 1883, then the Vrooman Act would be in violation of that section as it was originally adopted, for as it originally stood, no street work chargeable to private property could be contracted for or commenced until the money had been collected and was in the treasury. The court below found: "And I further find that constitutional amendment No. 1, proposed by the legislature of the state of California at its regular session of 1883, and which constitutional amendment No. 1 and known as senate bill No. 10, was entered in the journals of the two houses of said legislature with the yeas and nays taken thereon, as provided in section 1, article XVIII of said constitution of the state of California, and

that said constitutional amendment No. 1, amending section 19, article XI of the constitution, was duly adopted and ratified and is now a part of the constitution of the state of California, and was at all times during the proceedings of the board of trustees of the city of Sacramento alleged in the complaint in this action.'' The evidence showed that in one or two instances the written journal, when the constitutional amendment was up for discussion refers to senate bill No. *17* when it is plain senate bill No. *10* was intended, and the evidence before the lower court showed that this clerical error had been corrected in the printed journal. But aside from this the bill itself with its indorsements thereon shows that it was properly enrolled, authenticated, and deposited with the secretary of state as having been properly passed by the legislature, and the journal cannot be looked to to rebut or set aside the presumption thus raised that this constitutional amendment was properly passed. The evidence before the trial court further shows that the proposed amendment to section 19 of article XI was properly submitted to the people at the general election in 1884 as constitutional amendment No. 1.

The evidence supports the finding.

The judgment is affirmed.

McLaughlin, J., and Chipman, P. J., concurred.