[Civ. No. 2588.  Second Appellate District, Division One.—December 9, 1918.]

GILBERT SCHMIDT, Appellant, v. SANTA MONICA COMMERCIAL COMPANY (a Corporation), Respondent.

[Civ. No. 2589.  Second Appellate District. Division One.—December 9, 1918.]

GILBERT SCHMIDT, Appellant, v. PATTEN & DAVIES LUMBER COMPANY (a Corporation), et al., Respondents.

[Civ. No. 2590.  Second Appellate District, Division One.—December 9, 1918.]

GILBERT SCHMIDT, Appellant, v. LOS ANGELES PACIFIC LAND COMPANY (a Corporation), et al., Respondents.

[Civ. No. 2591.  Second Appellate District, Division One.—December 9, 1918.]

GILBERT SCHMIDT, Appellant, v. ABRAHAM S. REEL et al., Respondents.

STREET LAW—FORECLOSURE OF LIENS—RIGHT OF ASSIGNEE TO RECOVER —PRIMA FACIE EVIDENCE.—In an action to foreclose liens for unpaid assessments for work done by plaintiff's assignor in the due performance of an alleged contract for improvements on a public street pursuant to the provisions of the Vrooman Act, the introduction in evidence of the assessment-roll, the diagram and certificate of the city engineer, the affidavit of demand and non-payment and the warrant signed by the street superintendent, is,

in view of section 12 of the act, *prima facie* sufficient to prove the right of the plaintiff to recover.

Id.—Sufficiency of Findings.—Findings that all the allegations of the complaint are true, and all of the allegations of the answer opposed thereto are untrue, are sufficient, where there are no affirmative defenses contained in the answer.

Id.—Performance of Work Before Signing Contract—Exclusion of Proof Erroneous.—In an action for the foreclosure of liens for unpaid assessments for work done on a public street pursuant to the Vrooman Act, it is prejudicial error to refuse to permit the defendant to introduce evidence for the purpose of showing that the work was done before any contract was signed by the contractor.

Id.—Failure to Appeal to Proper Board—Right to Objection not Precluded.—The defendant is not estopped from making the objection that the contract was not signed in time because of his failure to appeal to the proper board within thirty days from the date of the warrant, since section 11 of the act does not apply to such a case.

APPEALS from orders of the Superior Court of Los Angeles County granting new trials. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crouch & Crouch for Appellant.

Tanner, Odell, Odell & Taft for Respondents.

CONREY, P. J.—It has been stipulated that the issues involved in these appeals are identical, and that the cases shall be considered together. Our statement of facts, therefore, will be made from the record in one case only—case No. 2588.

In this action the plaintiff seeks to foreclose liens claimed by him for unpaid assessments for work done by the plaintiff's assignor in the due performance of an alleged contract for street improvements on Elena Avenue, a public street in the city of Venice. The proceedings in question are governed by the provisions of "An act to provide for work upon streets, lanes, alleys, courts, places, and sidewalks, and for the construction of sewers within municipalities," approved March 18, 1885, and the amendments thereto—commonly called the Vrooman Act [Stats. 1885, p. 147]. The proceedings were commenced by a resolution of the board of trustees of the city,

adopted on the fourth day of December, 1911. A decree in this action was entered in favor of the plaintiff on the twenty-fourth day of December, 1914. Thereafter, a bill of exceptions having been duly settled and allowed, the defendant presented its motion for a new trial, and by order entered on the twenty-fifth day of March, 1915, the motion for a new trial was granted. The plaintiff's appeal is from that order.

The grounds upon which respondent claims to be entitled to a new trial are: 1. That the plaintiff did not, at the trial of this action, introduce any evidence tending to prove the assignment to him of the contractor's rights; 2. That the findings of fact were so defective and uncertain as to render the conclusions based thereon "a decision against law"; 3. That the assessment on which the judgment was based was void, because no contract was entered into between the street superintendent and the plaintiff's assignor, and because no bond was executed for the performance of the work.

1. Under the terms hereinafter quoted from section 12 of the statute, the documents produced in evidence by the plaintiff were sufficient, *prima facie,* to prove the assignment. The provisions are that "the contractor or his assignee" may sue, and that those documents are *prima facie* evidence "of the right of the plaintiff to recover in the action."

2. The findings of fact in this case are "that all of the allegations of the complaint are true, and all of the allegations of the answer opposed thereto are untrue." In view of the fact that there are no affirmative defenses contained in the answer (and assuming without deciding that the objection is one which may be raised on motion for a new trial), the finding that all of the allegations of the complaint are true is a complete decision of all issues of fact in the case.

3. The plaintiff introduced in evidence the assessment-roll, the diagram and certificate of the city engineer mentioned in the complaint, the affidavit of demand and nonpayment, and the warrant signed by the street superintendent. No objection is made concerning the form, sufficiency, regularity or effect of said documents, and for that stated reason they were not set out in the bill of exceptions. Section 12 of the statute provides that "the contractor or his assignee may sue, in his own name," to recover the amount of an unpaid assessment; and that those documents "shall be held *prima facie* evidence of the regularity and correctness of the assessment and of the

prior proceedings and acts of the superintendent of streets and city council upon which said warrants, assessment and diagram are based, and like evidence of the right of the plaintiff to recover in the action.''

Section 6 provides that ''the superintendent of streets is hereby authorized, in his official capacity, to make all written contracts . . . authorized by this act.'' Section 5 requires that the successful bidder, to whom the contract has been awarded, shall ''enter into a written contract'' for the work, and at the same time shall execute a bond, with two or more sureties, for the faithful performance of the contract. Section 6½ requires that the contractor, before executing the contract, shall file with the superintendent of streets a bond executed by the contractor, with at least two sureties, for the benefit of those who furnish materials to be used in the work, or who perform labor thereon.

At the trial, Charles S. Thatcher, city clerk of the city of Venice, and H. B. Eakins, superintendent of streets, were witnesses for the defendant. Eakins testified that he had made search in his office for any contract between Mr. Mayer (the alleged assignor of plaintiff) and Mr. Beemer as superintendent of streets; that he had not in his office any original records of the proceedings, or any copy of contract or instrument purporting to be a contract between Mayer and Beemer; that he knew of no contract other than the one concerning which Thatcher testified. Beemer was the superintendent of streets in office at the time when the contract is alleged to have been made.

Thatcher, at the date of the trial on December 14, 1914, was city clerk, and had been in office during the preceding three years. He identified a document purporting to be a street contract dated February 5, 1912, between Mayer and the street superintendent for street work on Elena Avenue. Thatcher testified that this document was on file in his office, and was the only contract or instrument purporting to be a contract between said parties, that he had seen or of which he had any knowledge. By stated questions, and by offers duly made, the defendant's attorney endeavored to introduce testimony of the witness, to the effect that the said document was never signed by the contractor until October, 1912, after the assessment was made up, and after the warrant was issued; that on the third day of October, 1912, the said document and

the form of bond appended thereto, were for the first time signed by the contractor; that on the same day Mr. Thatcher, on discovering these facts, drew a line through the signature of Mayer upon the bond and made indelible pencil indorsements upon the contract and upon the bond, to the effect that said signatures were made "when his back was turned," October 3, 1912, 9:40 A. M.; that Mr. Beemer died before this case came on for trial. The defendant offered said document in evidence in connection with the testimony offered. To all of this evidence the plaintiff objected, and the objections were sustained.

The order granting a new trial should be affirmed if the court erred in rejecting this evidence. We are satisfied that it was error, and very prejudicial error. Counsel for appellant state in their brief, that by section 6 of the statute the street superintendent is made the custodian of the contract and is required to keep a book in which the contracts are recorded; and that, therefore, it was incumbent upon respondent to produce the original record, or make proof of its contents, and that this the respondent did not do or offer to do. Section 6 does not contain any such provisions, and we have not found them elsewhere in the statute. While contracts for street work might very reasonably be retained in his office by the street superintendent, yet in the absence of specific statutory direction, no reason appears why they may not (at least by consent of the street superintendent) be kept in the office of the city clerk, who by virtue of his office is the keeper of records of the board of trustees, by whose authorization street work contracts are made. The evidence offered had a clear tendency to prove that the contract relied upon by appellant was the same document produced by the city clerk, and that it was not signed by the contractor before the work was done; and the same observation applies to the bond.

Appellant tacitly recognizes, as he must, that it is essential to the creation of a valid contract that the contractor must within due time affix his signature thereto. He claims, however, that respondent having failed to appeal to the board of trustees, within thirty days after the date of the warrant, and thereby having failed to make any objection to the correctness or legality of the assessment, is in this action estopped from making the objection that the contract was not signed by the contractor within the proper time.

Section 53 of the statute, as amended in 1911, [Stats. 1911, p. 634], provides that "no error, irregularity, informality, . . . which does not directly affect the jurisdiction of the city council to order the work or improvement, shall avoid or invalidate such proceeding or any assessment for the cost of work done thereunder. The exclusive remedy of any person affected or aggrieved thereby shall be by appeal to the city council *as herein provided*." The cases in which an appeal to the city council may be taken are provided for by section 11 of the same statute. That section says that "the owners, whether named in the assessment or not, the contractor, or his assigns, and all other persons directly interested in any work provided for in this act, or in the assessment, feeling aggrieved by any act or determination of the superintendent of streets in relation thereto, or who claim that the work has not been performed according to the contract in a good and substantial manner, or having or making any objection to the correctness or legality of the assessment or other act, determination, or proceedings of the superintendent of streets," may appeal to the city council within thirty days after the date of the warrant. After notice duly given a hearing shall be had before the city council, which is given very complete authority to remedy and correct errors or informalities in the proceedings. It is then provided that "all the decisions and determinations of said city council, upon notice and hearing as aforesaid, shall be final and conclusive upon all persons entitled to appeal under the provisions of this section, as to all errors, informalities, and irregularities which said city council might have remedied and avoided." In *Manning* v. *Den*, 90 Cal. 610, [27 Pac. 435], the defendant in an action to foreclose the lien of a street assessment under this act, offered evidence tending to show that the contract was one which the street superintendent attempted to execute at a time when he had not yet acquired power to enter into such contract. It was held that this evidence should have been received by the court, and that any objections to the correctness of the proceedings by reason of the defect above stated were not waived by the failure of the defendant to appeal to the city council. Section 11 was there relied upon by the plaintiff, but the court determined that the defect in question could not have been remedied or avoided by the city council upon any appeal from the assessment. "The provision, in the latter

part of section 11, that 'no assessment shall be held invalid except upon appeal to the city council,' etc., has no applica-tion to a case in which an appeal is not authorized.'' The decision in *Manning* v. *Den,* has been referred to with approval in subsequent cases, such as *Chase* v. *City Treasurer,* 122 Cal. 540, [5 Pac. 414] ; *MacLaughlin* v. *Knobloch,* 161 Cal. 676, 682, [120 Pac. 27] ; *Imperial Land Co.* v. *Imperial Irrigation Dist.,* 173 Cal. 660, 663, [161 Pac. 113]. We are of the opinion that section 53 of this act does not add to the subjects of appeal to the city council as defined in section 11. It fol-lows that if the defendant in this case is not permitted to intro-duce evidence for the purpose of showing that the work was done without any contract therefor, it will be deprived of its property without a hearing before any authorized tribunal, and therefore without due process of law.

The several orders granting the motions for new trial in the above-entitled cases, respectively Nos. 2588, 2589, 2590 and 2591, are and each of them is affirmed.

James, J., and Myers, J., *pro tem.,* concurred.

A petition to have the causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1919.

All the Justices concurred.