SEAWELL, J.
This is an action by the town of Yreka City to foreclose the lien of an assessment levied for street improvements completed under the Improvement Act of 1911, for which bonds were issued under the Improvement Bond Act of 1915. Defendant V. E. Warrens owns the land involved in this action and the other defendants claim an interest in or lien on said land. From a judgment for plaintiff town defendants prosecute this appeal.
*777 Defendants contend that all proceedings were without jurisdiction and void for the reason that the resolution of intention to do the work was not published in a newspaper of “general circulation”, as defined in section 4460, Political Code. Under said section a newspaper of general circulation must have been published at least a year. The trial court sustained the contention of plaintiff that under the Street Improvement Act of 1911 the resolution of intention is not required to be published in a newspaper of general circulation as thus defined.
The case was tried on an agreed statement of facts. It appears therefrom that the resolution of intention was published in the “Siskiyou Times”, a semi-weekly newspaper which was first published on April 5,1927. Hence at the time of publication of the resolution of intention on July 22, 1927, and July 26, 1927, the paper had been published for slightly less than four months. At the time there were two weekly newspapers of “general circulation” in the town of Yreka City. The relative circulation of the semi-weekly compared with the older weeklies does not appear.
Section 3 of the Improvement Act of 1911 provided at the time here pertinent: “ . . . The city clerk shall cause said resolution of intention to be published twice in one or more daily newspapers published and circulated in said city; provided, if there be no daily newspaper, then the publication shall be made in one or more newspapers published and circulated therein less than six days a week, and said publication shall be had twice therein. ...” (Stats. 1911, p. 730, sec. 3, as amended Stats. 1923, p. 106; Deering’s Gen. Laws, Act 8199.)
Section 79 at the time of the publication of the resolution of intention herein, provided: “The notices, resolutions, orders or other matters required to be published by the provisions of this act, shall be published in a daily newspaper, in cities where such there is, and where there is no daily newspaper, in a semi-weekly or weekly newspaper, to be designated by the council of such city, as often as the same is issued, and no other statute shall govern or be applicable to the publications herein provided for; ... No publication or notice, other than that provided for in this act, shall be necessary to give validity to any of the proceedings provided for therein.” (Italics ours; subd. 4, sec. 79.)
*778 Subsequent to the completion of the improvement herein, the provision was amended in 1929 to specifically provide that the provisions of part four, title five, of the Political Code, which includes sections 4458 and 4460, should have no application to publications under the act. (Stats. 1929, p. 1667; sec. 79e.)
Section 4460, Political Code, defines a newspaper of “general circulation” as follows: “A newspaper of general circulation is a newspaper published for the dissemination of local or telegraphic news and intelligence of a general character, having a bona fide subscription-list of paying subscribers, and which shall have been established, printed and published at regular intervals, in the state, county, city, city and county, or town, where such publication, notice by publication, or official advertising is given or made, for at least one year preceding the date of such publication, notice or advertisement. A newspaper devoted to the interests, or published for the entertainment or instruction of a particular class, profession, trade, calling, race, or denomination, or for any number of such classes, professions, trades, callings, races or denominations when the avowed purpose is to entertain or instruct such classes, is not a newspaper of general circulation.”
Section 4458, Political Code, provides that “whenever any publication, or notice by publication ... is required to be given or made by the provisions of . . . any law of the state, by any officer . . . such publication, or notice by publication . . . shall be given or made only in a newspaper of general circulation, where such newspaper is published within the jurisdiction of such official ...”
Defendants contend that said Political Code sections must be read together with the provisions of the Improvement Act of 1911 to require publications under the act to be made in a newspaper of general circulation. However, section 79, subdivision 4 (now 79c) of said Improvement Act expressly provided that “no other statute shall govern or be applicable to the publications herein provided for”. In view of this plain and unequivocal declaration it cannot be held that it was the legislative intent that sections 4458 and 4460, Political Code, should apply to proceedings under said act. The provisions of the act and the Political Code are otherwise inconsistent. If there is no paper of general circulation published in the city, section 4458, Political Code, requires publication “in a newspaper of general circulation, published nearest *779 thereto”. Section 3 of the act permits publication under such circumstances in any “newspaper published in the county in which said city is located”. Under section 79 of the act the necessity of publication where there is no newspaper published and circulated in the city is dispensed with in some circumstances, and posting required in lieu thereof. The act requires publication in a daily newspaper in preference to a semi-weekly or weekly, although the daily has not been published for a year, and hence is not a newspaper of “general circulation”, as technically defined by section 4460, Political Code.
Under the act publication of the resolution of intention twice in a newspaper is not the sole means provided for giving notice of a contemplated improvement. In addition the street superintendent is required to post notices of the passage of the resolution at not more than three hundred feet in distance apart along the line of the contemplated improvement, or if the work is chargeable upon a district, on all open streets within the district. (Sec. 5.) At the time of the proceedings herein it was also provided in section 5 that the council, if it deemed it advisable, might direct the clerk to mail notices to the owners in the district. This provision is now mandatory.
Other improvement acts and street opening acts likewise do not provide for publication in a newspaper of general circulation as defined in the Political Code. (Stats. 1889, p. 70, Deering’s Gen. Laws, Act 8195; Stats. 1903, p. 376, Deering’s Gen. Laws, Act 8198; Stats. 1885, p. 147, Deering’s Gen. Laws, Act 8194; repealed Stats. 1933, p. 948; Stats. 1913, p. 954, Deering’s Gen. Laws, Act 8205.) The statutes of 1889 (see. 23, subd. 8) and 1903 (sec. 34) provide, as does the act before us, that “no publication or notice other than that provided in this act shall be necessary to give validity to any proceedings had thereunder”.
The Improvement Acts of 1901 and 1933, on the other hand, have required notices to be published in a newspaper of general circulation. (Stats. 1901, p. 34, Deering’s Gen. Laws, Act 8197, repealed Stats. 1933, p. 1274; Stats. 1933, p. 1458.)
In construing provisions for publication of notices in acts providing for other types of special districts it has been held that sections 4458 and 4460, Political Code, do not apply. (County Sanitation Dist. No. 4 v. Payne, 197 Cal. 448 [241 Pac. 264], construing Stats. 1923, p. 498, see. 2; Midwick *780 Country Club v. County of Los Angeles, 11 Cal. App. (2d) 217 [53 Pac. (2d) 1006], construing Stats. 1923, p. 431, sec. 2, Fire Protection District Act; Palos Verdes Library Dist. v. McClellan, 97 Cal. App. 769, 777 [276 Pac. 600], construing Stats. 1909, p. 815, sec. 3.)
The purpose of notice of the resolution of intention is to afford interested persons an opportunity to oppose the proceeding. (Sacramento Pav. Co. v. Anderson, 1 Cal. App. 672 [82 Pac. 1069].) We are of the view that the notice provided by the act constitutes due process notwithstanding the notice is permitted by the act to be published in a newspaper which has been in existence less than a year.
Defendants further contend that in so far as the Improvement Act of 1911 is at variance with section 4458 and 4460, Political Code it is unconstitutional special legislation (Art. IV, sec. 25, subd. 7 and subd. 33, Const.; art. I, sec. 11.) Formerly street improvements were undertaken under special statutes relating to specific cities. (See 19 Cal. Jur. 157, listing numerous special laws.) But article IV, section 25, subdivision 7, prohibits such special legislation. A law which, like the Street Improvement Act of 1911, provides for all municipalities a system for opening and extending streets is not subject to the objection that it violates the rule prohibiting special legislation. (Frank v. Maguire, 201 Cal. 414, 422 [257 Pac. 515]; City of Los Angeles v. Zeller, 176 Cal. 194 [167 Pac. 849]; Clute v. Turner, 157 Cal. 73 [106 Pac. 240]; Hellman v. Shoulters, 114 Cal. 136, 147 [44 Pac. 915, 45 Pac. 1057]; City of Los Angeles v. Oliver, 102 Cal. App. 299, 320 [283 Pac. 298].) The several improvement acts provide alternative procedures available to all municipalities, with differences in the notices required as well as in other matters.
Proceedings for the opening, widening and improving of streets in municipalities are proceedings calling for special treatment and procedure. (Cases cited supra, preceding paragraph.) Therefore, acts providing for street improvements may remove proceedings thereunder from the application of general code sections. Thus in Los Angeles v. Oliver, supra, a provision of an improvement act which fixed a different date for ascertaining the value of land taken in eminent domain than the date provided by section 1249, Code of Civil Procedure, was sustained. In Frank v. Maguire, supra, an improvement act provision which provided a different method *781 for fixing damages of property taken in eminent domain than the general law was upheld. In Los Angeles v. Zeller, supra, where it was contended that an improvement act provision for waiver of a jury trial in eminent domain proceedings had thereunder was at variance with section 631, Code of Civil Procedure, the court reaffirmed the rule that proceedings for the opening, widening and improving of streets in municipalities are proceedings calling for special treatment and procedure.
We have heretofore cited County Sanitation Dist. v. Payne, supra, Midwick Country Club v. County of Los Angeles, supra, and Palos Verdes Library Dist. v. McClellan, supra, which involved other types of special districts and held that sections 4458 and 4460, Political Code, did not apply to such districts. We conclude that the proceedings in the instant case were according to law.
The judgment is affirmed.
Shenk, J., Curtis, J., Edmonds, J., Waste, C. J., and Langdon, J., concurred.
Rehearing denied.